UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>McCAIN FOODS USA, INC.,<br><br>    Defendant.<br>_____<br><br>McCAIN FOODS LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>J.R. SIMPLOT COMPANY,<br><br>    Defendant. | Case No. 1:16-cv-00449-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is McCain Foods USA Inc.'s Motion to Consolidate Cases. Dkt. 29. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court **GRANTS** the Motion.

## BACKGROUND

J.R. Simplot Company and McCain Foods Limited—the parent company of defendant McCain Foods USA, Inc.—are two of the world's largest manufacturers of frozen french fries and other potato products.

On October 7, 2016, Simplot filed the above captioned case against McCain Foods USA, Inc. in the District of Idaho for patent infringement, trade dress infringement, and unfair competition ("Simplot's case"). Broadly speaking, Simplot asserts that McCain copied the patented design of its SIDEWINDERS™ frozen french fry ("the '036 patent").

On February 21, 2017, McCain Foods Limited filed suit against Simplot in the Northern District of Illinois for patent infringement on two related products ("McCain's case"). The first patent deals with McCain's version of a spiral cut french fry, or TWISTED POTATO™ product ("the '916 patent"); the second patent relates to a process for treating fruits and/or vegetables referred to as "pulsed electric filed process" or PEF ("the '540 patent"). McCain claims that Simplot is infringing on both patents.

On April 14, 2017, shortly after McCain filed its case, Simplot motioned the Northern District of Illinois to transfer the case to the District of Idaho. It appears that Simplot made the request, in part, based upon the *possibility* of consolidating that case with Simplot's case.[1] On August 9, 2017, the Northern District of Illinois granted

---

[1] The parties spend a great deal of time discussing Simplot's arguments and representations before the Northern District of Illinois, and whether those have changed. While interesting and relevant, those discussions are not binding on this Court. The Court will review the Motion before it against the appropriate legal standard giving no deference to previous positions either party asserted before another court.

Simplot's motion to transfer. McCain's case is now pending before Judge B. Lynn Winmill. No. 1:17-cv-350.

Shortly after the transfer, on September 18, 2017, McCain filed the instant Motion to consolidate the two cases in the District of Idaho. Simplot filed an opposition.

## LEGAL STANDARD

Rule 42(a) authorizes a district court to consolidate cases that share "a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation, and in exercising that discretion should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay or expenses that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

## ANALYSIS

Simplot expresses numerous concerns about consolidating the two cases at hand such as inconvenience, delay, confusion, and prejudice. McCain believes these concerns to be unfounded. Many of Simplot's concerns appear valid; however, the Court and counsel can handle the issues raised even with consolidation. Furthermore, not consolidating the cases would likewise raise numerous concerns and administrative matters which would need attention. Avoiding duplicative work, unnecessary expense to clients, inconsistent results, and excessive use of judicial resources weigh in favor of consolidation. Additionally, both cases involve the exact same attorneys. These competing interests and concerns weigh more heavily in favor of consolidation.

Simply put, these two cases share a common question of fact. Both challenge the sufficiency of the other's patent and whether the opposing party's product infringes on

their own product design. Simplot does not seem to dispute this fact; it argues that "McCain should have asserted its utility and design patent infringement claims as counterclaims in this lawsuit. Instead, McCain waited almost five months after Simplot filed this lawsuit and chose to sue Simplot in a separate action in an inconvenient forum." Dkt. 38, at 11. The forum is now more convenient for Simplot and, although McCain's case is somewhat "behind" Simplot's, "a common question of law or fact" is present in both cases, at least in regards to the SIDEWINDERS™ and TWISTED POTATO™ products. There is no requirement that every aspect of any two cases considered for consolidation be identical; rather, the law requires that *a* common question of law or fact exist, and judicial economy would be best served by consolidation. Here, the economic and efficient thing to do is consolidate.

At the heart of both cases are the parties' claims that each infringes the other's design patent rights in their respective spiral-cut potato product designs. It is true that there are other patent related claims for relief in Simplot's case, and the additional PEF patent claim in McCain's case. However, these case-specific issues will be addressed even in a consolidated case. Some of these claims may require additional measures during pre-trial motions,[2] but the Court and counsel are capable of separating the issues and handling all appropriate procedural steps while still maintaining a consolidated case structure for judicial economy and efficiency.

---

[2] Such as a *Markman* hearing regarding the PEF patent in McCain's suit.

MEMORANDUM DECISION AND ORDER - 4

At the very least, consolidation is appropriate to avoid inconsistencies. *See W. Watersheds Project v. Salazar,* No. 4:08-CV-435-BLW, 2012 WL 3489307, at *1 (D. Idaho Aug. 14, 2012). This Court has already ruled on some issues in Simplot's case. If the Court does not consolidate these cases, and Judge Winmill were to take a contrary position (as would be his prerogative) in McCain's case, it could result in conflicting or confusing orders.[3] In the extreme, were these cases to proceed in parallel and both go to trial (separately), the juries could reach inconsistent judgments.

Any delay due to consolidation will be minimal. The deadlines in Simplot's case are still months away and, while the addition of McCain's case will add certain claims that may require new or additional discovery, much will remain the same. No depositions have been noticed or taken, and by all representations little discovery has changed hands. Slight extensions in Simplot's case should be adequate to bring McCain's case "up to speed."

The Court agrees with Simplot that patent cases are complex and combining cases with similar elements—but also case-specific claims—may be difficult. However, that difficulty is not unique. Juries frequently hear cases is which various claims require different evidence, testimony, and even standards of proof. With appropriate preparation, the Court can adequately instruct a jury to avoid any confusion.

---

[3] The Court is referring to an informal discovery dispute which was resolved by stipulation. One can easily imagine a different approach from a different chamber which would negate or seriously infringe on the parameters this Court already approved for the parties with regard to expert witnesses and disclosures.

Simplot will not be prejudiced during discovery or at trial as a result of consolidation. However, after the *Markman* hearing and the completion of discovery, the Court would entertain a Motion to Sever for trial if circumstances arise which would warrant such action; but for now the cases will be consolidated. Here, the benefits outweigh any disadvantages which may exist. Common questions of law and fact exist between the two cases and consolidation will serve judicial economy, and avoid inconsistent results.

## ORDER

**IT IS ORDERED:**

1. McCain's Motion to Consolidate Cases (Dkt. 29) is **GRANTED**.

2. Case No. 1:17-cv-350-BLW, *McCain Foods Limited v. J.R. Simplot Company*, is hereby CONSOLIDATED with the above captioned case and REASSIGNED to Judge David C. Nye.

3. All future filings shall be made only in Case No. 1:16-cv-449-DCN which is now the lead case. The case caption as it appears herein shall be used in all future pleadings. The original of this Order shall be maintained as part of the record in this case with a signed copy being placed in the file of Case No. 1:17-cv-350.

DATED: November 9, 2017

David C. Nye
U.S. District Court Judge