UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>McCAIN FOODS USA, INC.,<br><br>    Defendant.<br>_____<br><br>McCAIN FOODS LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>J.R. SIMPLOT COMPANY,<br><br>    Defendant.<br>_____<br><br>J.R. SIMPLOT COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ELEA VERTRIEBS-UND-VERMARKTUNGSGESELLSCHAFT, MBH; FOOD PHYSICS LLC,<br><br>    Third-Party Defendants. | Case No. 1:16-cv-00449-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Third-Party Elea Vertriebs-und-

Vermarktungsgesellshaft, MBH ("Elea") and Food Physics, LLC's ("Food Physics") (collectively "Third-Party Defendants") Motion for Protective Order. Dkt. 136. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT Third-Party Defendants' Motion at the present time.

## II. BACKGROUND

On January 11, 2019, the Court issued its Memorandum Decision and Order (Dkt. 86) granting McCain's Motion for Partial Reconsideration. In its Motion to Reconsider, McCain petitioned the Court to revisit its Markman definition of the term "high electric field." Dkt. 70. Ultimately, the Court did redefine the term to more fully align with the purpose of the patent rather than relying on examples, or a preferred embodiment, to restrict the construction of the term—as it had originally.

On January 24, 2019, Simplot Filed a Motion for Leave to File a Third-Party Complaint against Elea and Food Physics based—in part—on the Court's Decision on reconsideration. Dkt. 88. On July 1, 2019, the Court granted the Motion. Dkt. 112. As part of that Decision, the Court found that because it is already "keenly aware of the parties, facts, legal issues, and rulings applicable in this case" and because "the "issue of indemnification is interwoven with the issue of infringement itself" "a separate lawsuit is unnecessary." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN,

2019 WL 2745730, at *3 (D. Idaho July 1, 2019). Hearkening to principles of "judicial economy and the 'just, speedy, and inexpensive determination of every action and proceeding,'" the Court allowed Simplot's to file its Third-Party Complaint in this case. *Id*. at *6. In doing so, the Court discussed certain logistical issues that may arise, but concluded that it would "not make a determination at [that] time regarding bifurcation or severance of the third-party claims." *Id.* at *5.

During an informal telephonic discovery dispute conference on September 5, 2019, the Court and counsel discussed the posture of this case, including Third-Party Defendants' (then forthcoming) Answer, as well as discovery stays and bifurcation. On October 7, 2019, Third-Party Defendants filed their Answer to Simplot's Third-Party Complaint. Dkt. 128.

On November 1, 2019, Third-Party Defendants filed a motion to Sever and Stay Simplot's Indemnity Claims. Dkt. 134. Approximately three days before Third-Party Defendants filed this motion, however, Simplot had apparently served four discovery requests on them. Responses to these requests are due November 29, 2019.

Because the briefing schedule on the Motion to Sever and Stay will not be complete until after their responses to Simplot's discovery request are due—and desiring a ruling on the merits of their motion—Third-Party Defendants filed the instant Motion for Protective Order on November 8, 2019. Dkt. 136.

In their motion, Third-Party Defendants request that the Court enter a protective order under Federal Rule of Civil Procedure 26(c) staying all discovery related to Simplot's indemnity claims (against them) until the Court officially rules on their Motion to Sever and Stay. Additionally, Third-Party Defendants request an order that stays the time for

MEMORANDUM DECISION AND ORDER - 3

them to respond to Simplot's first set of requests for admission and requests for production until 15 days after the Court rules on their Motion, or 15 days after the Court lifts the stay granted by the instant motion, whichever is later.

### III. ANALYSIS

Federal Rule of Civil Procedure 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ...forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

Here, Third-Party Defendants assert there is good cause for a protective order because Simplot seeks discovery related to a legal theory—indemnity liability—that may or may not ever become necessary in this case. While Third-Party Defendants raise additional arguments in support of their motion, those arguments apply more to the overall Motion to Sever and Stay as opposed to a limited motion for protective order.[1]

For its part, Simplot rejects Third-Party Defendants' arguments asserting they have "failed to carry their heavy burden to show that a stay of discovery is warranted in this case." Dkt. 138, at 4. Again, this argument is more appropriately addressed in the larger context of staying discovery as a whole and bifurcation. The Court, however, is concerned with the instant motion and whether it will prejudice Simplot in an immediate way. It does

---

[1] This is a critical distinction. The Court's order today *does not* address—at least in any meaningful way—the merits of Third-Party Defendants' Motion to Sever and Stay, but only the fact that a brief "pause" is warranted until the Court can actually address the merits of those arguments.

not appear that a short stay will adversely affect Simplot's interests.[2]

Third-Party Defendants' reply focuses, again, almost exclusively on the overarching prejudice of not staying all discovery in this case until a final decision as to liability has been reached. Of some consequence, however, is Third-Party Defendants' representation that they will likely be objecting to certain requests propounded by Simplot and that the parties have not meet and conferred on these (potentially) disputed matters. Holding off on discovery—even momentarily—in order to determine whether a stay is necessary in the first place will conserve resources and potentially avoid disputes and other motion practice.[3]

Furthermore, the Court has set all pending motions—including the Motion to Sever and Stay—for a hearing less than three weeks after Third-Party Defendants' responses to Simplot's discovery requests would otherwise be due. A protective order at the current juncture will ensure the Court and counsel have time to address the merits of the underlying Motion to Sever and Stay and limit confusion and duplicative work.

For all of these reasons, the Court finds in appropriate to issue a temporary and limited protective order.

---

[2] Simplot's point, however, is well taken that just because a motion is pending that may affect the litigation, it may not warrant a stay or protective order. That said, when the underlying motion *is* for a stay, the request for a temporary stay (along the same lines) is not as tenuous as in other circumstances.

[3] Additionally, Third-Party Defendants can touch upon their discovery concerns during the scheduled hearing so that—in the event the Court denies the Motion to Sever and Stay—they would nonetheless have some direction on the scope and timing of discovery.

MEMORANDUM DECISION AND ORDER - 5

# IV. ORDER

1. Third-Party Defendants' Motion for Protective Order (Dkt. 136) is GRANTED.

2. The Court temporarily stays discovery related to Simplot's third-party claims pending the resolution of Third-Party Defendants' Motion to Sever and Stay.

3. Additionally, Third-Party Defendants shall not be required to respond to Simplot's outstanding discovery requests until otherwise ordered.[4]

DATED: November 25, 2019

David C. Nye
Chief U.S. District Court Judge

---

[4] Whether this is 15 days after the Court rules on the Motion to Sever and Stay, 15 days after the Court lifts the stay, or some other timeframe determined at the hearing, the Court will advise the parties well in advance of any deadline it plans to impose.