UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY, | Case No. 1:16-cv-00449-DCN |
| Plaintiff, | |
| v. | |
| McCAIN FOODS USA, INC., | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | |

McCAIN FOODS LIMITED,

    Plaintiff,

      v.

J.R. SIMPLOT COMPANY,

    Defendant.

J.R. SIMPLOT COMPANY,

    Plaintiff,

      v.

ELEA VERTRIEBS-UND-
VERMARKTUNGSGESELLSCHAFT,
MBH; FOOD PHYSICS LLC,

    Third-Party Defendants.

MEMORANDUM DECISION AND ORDER - 1

# I. INTRODUCTION

Pending before the Court is Third-Party Defendants Elea Vertriebs-und-Vermarktungsgesellschaft, mbH's ("Elea") Motion for Leave to Serve A Reply Expert Report of Dr. Wolfgang Ernst. Dkt. 298. In light of upcoming deadlines, the Court expedited briefing on the Motion. Dkt. 299.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Motion and will allow Elea to serve its reply expert report.

# II. BACKGROUND

On July 8, 2019, Simplot filed a Third-Party Complaint against Elea alleging it (along with Third-Party Defendant Food Physics) was contractually obligated to indemnify and/or defend Simplot against Defendant McCain's assertion that Simplot infringed U.S. Patent No. 6,821,540 ("the '540 patent"). Dkt. 113. In its Third-Party Complaint, Simplot alleged Elea was obligated to defend and indemnify Simplot pursuant to paragraph 17 of the January 21, 2013 Contract (the "2013 Contract") between Simplot and Elea. The 2013 Contract outlines it is governed by German law.

On November 30, 2020, Simplot moved for partial summary judgment against Elea on the grounds that Elea breached its duty under the 2013 Contract by failing to defend Simplot in this case. Dkt. 206. Attached to its motion was a document titled: "Preliminary

Expert Report of Dr. Thomas Pfeiffer." Dkt. 206-16. Simplot had retained Prof. Pfeiffer to opine on German law. As part of his report, Prof. Pfeiffer stated that "[t]he substantive law governing claims for breach of contract in Germany is virtually the same as the law governing claims for breach of contract in United States Courts." Dkt. 206-16, ¶ 9. Based in part on this statement, Simplot's motion and supporting briefing argued Idaho law should apply to the 2013 Contract because "Elea has not shown that German substantive law governing claims for breach of contract is any different than, or conflicts with, Idaho law." Dkt. 206-1 at 4; Dkt. 242 at 3.

In its January 21, 2021 response to Simplot's motion, Elea included the declaration of Professor Wolfgang Ernst. Dkt. 228. As part of his report, Prof. Ernst opined that certain clauses in the 2013 Contract could be barred under German law because they were "standard contract terms." *Id.* at ¶¶ 43, 57.[1]

On March 5, 2021, Simplot filed its reply brief in support of its motion for summary judgment and included Prof. Pfeiffer's Rebuttal Expert Report as support. Dkts. 242, 242-2. Among other things, Prof. Pfeiffer opined that numerous clauses in the 2013 Contract were favorable to Elea. Dkt. 242-2 at ¶ at 24. He concluded that such Elea-favorable clauses rebutted Elea's assertion that any clauses in the 2013 Contract were standard contract terms and, as such, would not be struck down under German law. *See* id. at ¶¶ 25-6.

On July 9, 2021, the deadline for opening expert reports, Simplot served a copy of

---

[1] For context, Prof. Ernst explains that under German law, the German Federal Court has determined individual agreements between authorized parties override any standard clauses found in contracts that seek to invalidate subsequent individualized agreements. Dkt. 228, ¶¶ 43, 57.

Prof. Pfeiffer's two prior reports, and Elea served a new report from Prof. Ernst. Prof. Ernst reiterated the bases for his opinions from his prior declaration, and discussed the deposition testimony taken since his prior report. Among other things, Prof. Ernst noted that the testimony of Simplot's and Third-Party Defendants' witnesses supported Elea's arguments that several clauses in the 2013 Contract were standard clauses from Simplot form agreements.

On August 20, 2021, Simplot filed a third expert report from Prof. Pfeiffer, styled as the "Second Rebuttal Expert Report of Thomas Pfeiffer." Dkt. 301, at 14–42. Elea argues that this report "advanced new and modified theories and arguments as to why Simplot's claims were not barred under German law and substantially expanded on Prof. Pfeiffer's prior opinions and criticisms of Prof. Ernst's opinions." Dkt. 298, at 8. In particular, Elea contends Prof. Pfeiffer advanced a new theory as to why the terms of the 2013 Contract were not standard contract clauses and that his opinions on the applicability of German law to the 2013 Contract had changed.[2]

In the instant Motion, Elea asks the Court for an opportunity to serve a reply expert report from Prof. Ernst addressing the allegedly new matters in Prof. Pfeiffer's second rebuttal report in order to provide the Court "a complete and full discussion of the relevant principles of German law, and to ensure Prof. Ernst has an opportunity to address the new and/or modified opinions [of] Prof. Pfeiffer . . . ." *Id*. at 9.

Simplot opposes Elea's Motion. Dkt. 300.

---

[2] For its part, Simplot asserts Prof. Pfeiffer's opinion on the applicability of German law hasn't changed, but that he "assumed for the sake of argument that German law applied . . . ." Dkt. 300, at 4.

### III. ANALYSIS

The scheduling order in this case does not contemplate expert sur-replies. Nevertheless, Elea argues the Court should allow it to serve Prof. Ernst's sur-reply in light of the additions/changes to Prof. Pfeiffer's second rebuttal report. This general principle rings true. In routine motion practice, the Court allows sur-replies under certain limited circumstances. As it has previously explained, "while the Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, this Court has recognized that a [party]'s reply brief may justify a sur reply in appropriate circumstances." *Gordan Ocampo v. Corizon, LLC*, 2019 WL 1495251, at *3 (D. Idaho April 4, 2019). Leave to file a sur-reply is discretionary but should only be granted "where a valid reason for such additional briefing exists, such as the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017). In like manner, when an expert report raised issues for the first time in the rebuttal phase, courts in this District have allowed experts to serve sur-replies. *See, e.g., Adams v. United States*, 2009 WL 982034, at *4 (D. Idaho Apr. 9, 2009)

However, sur-replies—in any context—"are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 690 n.4 (S.D. Tex. 2006)).

One of Simplot's overarching arguments is just that: that Elea seeks to file this sur-reply to get the last word on the matter. The Court is not as concerned as Simplot on this

point because, as is the Court's standard practice, it intends to hold oral argument on Simplot's Motion for Summary Judgment against Elea. Thus, both sides will have ample opportunity to flesh out the issues raised in the various expert reports. More important to the Court is the question of whether the sur-reply is warranted in the first instance.

This endeavor, however, presents a common conundrum: is the opinion in the rebuttal report truly new or is it simply augmenting, expounding upon, clarifying, or reiterating a prior opinion? The distinction is sometimes clear; other times, not so much.[3] Reasonable minds could come to differing conclusions.

In this case, Simplot asserts Prof. Pfeiffer's rebuttal report contains nothing new, but simply expounds upon his already disclosed opinions. Simplot also argues that Prof. Ernst's proposed sur-reply is nothing more than a rehash of his own prior report—thus proving he is not responding to any new arguments raised by Prof. Pfeiffer, but simply repeating his own prior opinions to bolster them in front of the Court.[4]

Elea disagrees on both fronts.

---

[3] For example, if an expert originally opined on subjects A and B but then, in rebuttal, adds an opinion concerning subject C, it is not difficult to see that such an opinion is new and likely warrants a sur-reply. What is more difficult, however, is when an expert doesn't necessarily bring up an entirely new subject in rebuttal, but provides new and/or refined opinions on a previously disclosed topic. While the opinion as a whole may not be new, even if the supporting theory is relatively "new"—that is to say it was not previously discussed—such weighs in favor of allowing a sur-reply. Again, however, any such determination is a delicate balance. As Simplot aptly notes: "[b]y its very nature, a rebuttal requires the expert to address and refute points raised by the opposition; this includes points the expert did not proactively raise in his opening report that have since been advanced by the opposition." Dkt. 300, at 7. Thus, some "new" material is to be expected as that information is simply a response to the opposition report.

[4] This position, however, undercuts Simplot's argument of prejudice. If Prof. Ernst's sur-reply contains nothing new, there is no harm in allowing it because Simplot will not need to do further discovery on the opinions. The Court understands Simplot's argument about timing, fairness, and adherence to disclosure procedures, but the fact remains, if Simplot doesn't view Prof. Ernst sur-reply as containing anything new, there should be no harm in allowing it.

Elea argues that while Prof. Pfeiffer did discuss similar matters in his original report and first rebuttal report, he added new information and "significantly expanded" upon his previously disclosed opinions. In like manner, Elea argues Prof. Ernst's proposed sur-reply doesn't simply rehash prior arguments, but responds substantively to Prof. Pfeiffer's "new" and/or "expounded" arguments.

The Court has reviewed Prof. Pfeiffer's original report (Dkt. 206-16), his rebuttal report (Dkt. 242-2), and his second rebuttal report (Dkt. 301, at 14–42). It has also reviewed Prof. Ernst's original report (Dkt. 228) and his proposed sur-reply (Dkt. 298, at 14–22).

The Court is not persuaded by Elea's argument that Prof. Pfeiffer drastically changed his report as it relates to the applicability of German law on the 2013 Contract. The fact that Prof. Pfeiffer may not believe German law governs the contract, but *assumes for the sake of argument* it does, is not a new theory or changed position. That said, it does appear, upon review, that *some* of Prof. Pfeiffer's more detailed opinions are not simply rebuttal, but bring up new (albeit related) theories and/or explanations for why he came to the conclusions he did.

The Court is also, however, not persuaded by Simplot's argument that Elea and Prof. Ernst should have "anticipate[d] Prof. Pfeiffer's foreseeable rebuttal arguments and address[ed] them in [his] Opening Expert Report." Dkt. 300, at 5. To be sure, sur-replies are not standard when it comes to expert discovery and so it *is* the opposing expert's duty to cover everything the original expert covered in his or her opening report and, to some degree, speculate on any arguments that may arise in a rebuttal report. However, it is also somewhat difficult to argue a party should accurately anticipate arguments it has not yet

MEMORANDUM DECISION AND ORDER - 7

seen.

Finally, while Simplot feigns prejudice, what little harm (if any) that will occur as a result of Prof. Ernst sur-reply will not materially affect the trajectory of this case. Although Simplot claims allowing the sur-reply will "prolong discovery and further complicate the issues and arguments" of this case, it does not explain exactly why or how such will occur. Dkt. 300, at 5. Expert discovery is ongoing, and Simplot has asserted it "does not see any benefit" in deposing Prof. Ernst. *Id*. at 8.[5] Simplot's main concern, again, appears to boil down to its argument that it is fundamentally unfair to allow Elea to have the "last word" on this topic. *Id*. at 2, 5, 8, 9. As the Court has already explained, however, while Elea may get the last word on paper, the Court will hold a hearing on the pending Motion for Summary Judgment and Simplot will have fair opportunity to present whatever it desires on these topics.

Important to the Court on this specific matter is something it has reiterated to the parties informally on more than one occasion: the Court is not an expert in German law, no members of its staff speak German, and it has rarely had the opportunity to review international contracts in other languages. In order to understand the finer points of the 2013 Contract, and evaluate its impact on this case, the Court will need to rely upon experts—experts such as Profs. Pfeiffer and Ernst. Having more information at its disposal will ultimately help ensure the Court secures "the just, speedy, and inexpensive

---

[5] Simplot is free to change its position and depose Prof. Ernst if it desires, but this admission also undercuts its argument that it will be prejudiced were the Court to allow the sur-reply. If Simplot does not intend to do any follow-up on Prof. Ernst's sur-reply, there is minimal harm in allowing it at this stage.

determination" of this case. Fed. R. Civ. P. 1.

In sum, while the opinions in Prof. Pfeiffer's second rebuttal report are not entirely new, there are greatly expounded upon theories contained therein. In fairness, the Court will allow Elea to serve Prof. Ernst's sur-reply in this case.

## IV. ORDER

1. Elea's Motion for Leave to Serve Sur-Reply (Dkt. 298) is GRANTED.

DATED: October 20, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9