UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>         Plaintiff,<br><br>         v.<br><br>McCAIN FOODS USA, INC.,<br><br>         Defendant.<br>_____<br><br>McCAIN FOODS LIMITED,<br><br>         Plaintiff,<br><br>         v.<br><br>J.R. SIMPLOT COMPANY,<br><br>         Defendant.<br>_____<br><br>J.R. SIMPLOT COMPANY,<br><br>         Plaintiff,<br><br>         v.<br><br>ELEA VERTRIEBS-UND-<br>VERMARKTUNGSGESELLSCHAFT,<br>MBH; FOOD PHYSICS LLC,<br><br>         Third-Party Defendants. | Case No. 1:16-cv-00449-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Third-Party Defendants Elea Vertriebs-und-Vermarktungsgesellschaft mbh and Food Physics LLC's ("Elea") Motion to Bifurcate and Stay Aspects of Simplot's Indemnity Claims. Dkt. 284. The J.R. Simplot Company ("Simplot") filed opposition to the Motion. Dkt. 289. Elea replied. Dkt. 291.[1] McCain Foods Limited and McCain Foods USA, Inc. ("McCain") has not taken a position on the matter.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

# II. BACKGROUND

On July 8, 2019, Simplot filed a Third-Party Complaint against Elea asserting it was contractually obligated to indemnify and/or defend Simplot against McCain's assertions that Simplot infringed U.S. Patent No. 6,821,540 ("the '540 patent"). Dkt. 113.

On October 7, 2019, Elea filed an answer arguing it was not liable for any of the

---

[1] Elea's reply brief contains just over 11 pages of substantive argument. Pursuant to Local Rule, however, reply briefs are limited to 10 pages. Dist. Idaho Loc. Civ. R. 7.1(a)(2). Elea did not seek leave of the Court to file an overlength brief. While not an egregious violation, the Court reminds counsel to follow all applicable local rules. Additionally, as part of its reply, Elea filed a Motion to Seal. Dkt. 292. The Motion is unopposed. Good cause appearing, the same is GRANTED. The materials so designated will remain under seal.

claims made by Simplot and/or that any such liability should be limited based on various actions taken by Simplot before, and during, litigation.

Shortly thereafter, on November 1, 2019, Elea filed a Motion to Sever and Stay Simplot's Indemnity Claims. Dkt. 134. In its motion, Elea argued it would be more economical to wait to engage in discovery on Simplot's claims against it until the conclusion of the litigation between McCain and Simplot. *See generally id.* Simplot opposed the Motion (Dkt. 145) but McCain did not. In due course, the Court issued a decision denying Elea's Motion. Dkt. 157. Ultimately, the Court determined that while "severance may be necessary," a firm determination on that matter was "best left for later in the case"—specifically "closer to trial." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2020 WL 878288, at *20–21 (D. Idaho Feb. 20, 2020). Relatedly, the Court denied Elea's request to stay discovery on the underlying issues, finding that it was appropriate to "mov[e] forward with discovery at the present time." *Id*. at *21.

Elea recently renewed its bifurcation request, arguing the "time is now" to decide bifurcation. Dkt. 284-1, at 10. In addition, Elea argues the Court should stay discovery on the issue of damages until after the Simplot-McCain trial.

## III. LEGAL STANDARD

In regards to bifurcation, Federal Rule of Civil Procedure 14(a)(4) provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." The Advisory Committee notes explain that "after [a] third-party defendant is brought in, the court has discretion to . . . sever the third-party claim or accord it separate trial if

confusion or prejudice would otherwise result." Fed. R. Civ. P. 14(a)(4) (committee notes to 1963 amendments). Federal Rule of Civil Procedure 21 similarly gives the Court authority to sever any claim against a party. Finally, Rule 42(b) provides that a Court may "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize" trial proceedings. Fed. R. Civ. P 42(b).

As it relates to a stay, the Ninth Circuit has long held that a Court should consider numerous "competing interests" when determining whether a stay is appropriate. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues . . . ." *Id*.

## IV. ANALYSIS

### A. Bifurcation

Elea begins by arguing that, while there is some overlap between the Simplot-McCain infringement disputes and Simplot's indemnification claims against Elea, bifurcation of the damages issue is warranted because it would be premature to address Simplot's damages prior to a determination on Simplot's liability. Additionally, Elea contends it would be confusing for a jury if the parties argued the matters simultaneously.

The Court understands Elea's concern. To be sure, Simplot's damages claims against Elea are directly tied to McCain's underlying infringement claims, and do not likely need to be addressed until after the threshold question of liability has first been adjudicated.

MEMORANDUM DECISION AND ORDER - 4

That said, there is still no reason to make this decision now. The parties are gearing up to file dispositive motions. Once the Court has ruled on those motions, it will be in a better position to determine the format of trial. Thus, while the Court largely agrees with Elea that it will be more economical and less confusing to try the issue of damages in a second phase of trial (or in a second trial altogether),[2] it will be in a better position to discuss logistics after ruling on dispositive motions and closer to trial.

Thus, for the time being, this portion of Elea's Motion is DENIED without prejudice.

### B. Stay of Discovery Related to Damages

Elea next argues that if the Court bifurcates damages for trial, there is no need to engage in that discovery now. Regardless of the outcome of the first inquiry (bifurcation) the Court disagrees that discovery on these issues should be stayed.

While the Court agrees it is likely better to wait and see if Simplot is found liable for infringement before presenting *a jury* with information regarding damages and determining what amount, if any, can be apportioned to Elea and/or Food Physics, that

---

[2] In a traditional civil case, damages are frequently presented alongside questions of liability. A jury can decide liability and then is already well-positioned to determine any attending damages. If there are contracts in play that shift liability to another party, such may warrant holding the trial in phases to reduce confusion. Because this case is fairly technical in nature and involves extensive evidence—and an indemnity agreement—it likely does make sense to take the various matters up one at a time. In fact, it appears some of Elea's arguments (e.g. that Simplot failed to litigate reasonably) cannot even be presented until after litigation concludes. Again, however, the Court will be in a better position to make firm determinations on trial format and schedule after summary judgment.

does not mean the parties need to wait to engage in this particular discovery.[3]

At the outset, the Court wishes to dispel certain arguments raised by both parties that miss the mark.

First, Simplot strongly opposes a stay, claiming that if the Court grants the request, it could be "years" before this matter is resolved. Dkt. 289, at 4, 8, 10, 12, 13, 15. While this case has taken some time to come to fruition, such was the result of the complicated nature of the case, extensive motion practice, and delays due to scheduling, court-resources, and COVID-19. Nevertheless, the Court does not see this case extending "years" into the future. As noted, briefing on dispositive motions is about to commence. And while there may be requests for overlength briefing (because of the nature of the claims) or requests for extensions of time (because the reply deadline is currently Christmas eve), the Court envisions briefing on these matters to wrap up sometime in January 2022. A hearing then could *likely* be held in February or March, a decision rendered within a few months, and trial set during the second half of 2022. In short, the Court does not see this issue extending "years" into the future as Simplot repeatedly predicts.

Second, Elea's contention that there is no reason to engage in damages discovery until liability is determined wholly disregards Simplot's duty-to-defend claim, which

---

[3] The Court is not actually aware of whether discovery on these matters continued during the pendency of this motion or not. It has taken the Court a few months to issue this decision—months that were scheduled as expert discovery. The parties mention in briefing that certain discovery has yet to take place (but again, the briefing is somewhat dated) and explained in subsequent scheduling discussions that the Court "may set a separate schedule for expert disclosures related to the claims between Simplot and Third-Party Defendants," Dkt. 272, at 2 n.2. This aside, the Court has yet to formally stay discovery on the issue of damages between Simplot and Elea. Therefore, the Court *assumes* that discovery on damages has already occurred. Thus, to some degree this matter may be moot. Nevertheless, the Court's analysis and reasoning is still appropriate to frame the matter moving forward.

MEMORANDUM DECISION AND ORDER - 6

concerns matters *currently* taking place. Simplot reminds the Court that it has repeatedly argued Elea has a duty to defend it *now* and that its ongoing litigation costs should be borne by Elea. So, while a determination on liability may affect damages in regard to infringement, royalties, licensees, or any number of things that cannot yet be determined or are difficult to calculate, the issue of *ongoing* litigation costs is likely easy to compute. Full circle, however, Simplot's succinct assertion that the Court already determined Elea should be "defending Simplot now" is not completely accurate. The Court said it was "persuaded by the idea that [Elea] should be defending Simplot now" but it did not affirmatively rule on the matter. Dkt. 157, at 44 n.20. Furthermore, Simplot ignores the fact that Elea has raised various defenses to this claim. This dispute is, in fact, the subject of Simplot's previously filed Motions for Summary Judgment (Dkts. 206, 208) which the Court held in abeyance pending completion of discovery.[4]

The Court returns to the broader question of the appropriateness of a stay at this juncture. Ultimately, while Elea's request has merit, the Court finds a stay is unwarranted under the circumstances.

The Court is cognizant of Elea's argument that if, assuming arguendo, Simplot is *not* ultimately found liable, any discovery on damages will be moot and the time and expense on those matters will have been for naught. Nevertheless, such is not unique to

---

[4] Admittedly, there are aspects of the duty-to-defend claim that may be affected by the broader infringement outcome. The Court's point, however, is that summary judgment briefing will affect the trajectory of that particular issue as well. Both parties have already filed briefs on this topic and the Court already indicated it would like supplemental briefs once discovery concluded. Dkt. 253, at 28. In short, while there is no reason to wait to engage in discovery on damages generally, there is even less reason to wait on this portion of the damages claim as it goes more towards summary judgment than towards the Simplot-McCain indemnity trial.

this case and is par for the course in litigation. A party often engages in discovery that is ultimately unnecessary at trial—either because the claims have been narrowed at summary judgment, because there are admissibility issues with the evidence, or because the jury simply never gets to the relevant question (such as damages).

Furthermore, it would be detrimental to all if the Court were to wait until after the Simplot-McCain trial concluded to even *begin* discovery on damages. Even if the discovery is relatively straightforward—which is not clear at this point—the parties would likely need a number of weeks (or months) to get ready for the "damages" trial. Moving forward in such a manner does not lend itself to Rule 1 and the Court's (and counsel's) duty to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The most effective thing to do is engage in damages discovery now in order to be prepared for whatever form/schedule the Court determines is best for trial.

Now, there does appear to be some confusion and/or disagreement regarding the underlying discovery related to damages and whether it can be effectively handled at this stage. Again, assuming the parties did not stop all discovery on this topic,[5] the Court assumes the subsequent exchange of information between the parties has remedied most of these concerns. Elea also notes, however, that some aspects of calculating damages—such as the jury's findings on any individual claim and/or the proper apportionment of damages—truly cannot be answered until resolution of the Simplot-McCain trial.

---

[5] Again, in the event the Court's assumption is incorrect, Simplot and Elea should file a proposed scheduling order for the remaining disclosures/discovery. While those deadlines will operate on a "separate track"— the current deadlines as to dispositive motions remain.

MEMORANDUM DECISION AND ORDER - 8

Ultimately, Elea deems it unreasonable to try and address the "myriad of hypothetical scenarios" at this time. Dkt. 284-1, at 16.

The Court appreciates this sentiment. And *maybe* the Court will need to afford the parties additional time to re-engage in discovery after the Simplot-McCain trial. Nevertheless, for the reasons explained above, the Court's ruling at this time is that a stay is not appropriate. Therefore, Elea (and Simplot and McCain) should complete discovery *as if* there will be no further opportunity to do so. Experts can provide alternative theories for damages, can calculate various scenarios, and give opinions and summaries of their methods. If specific details need to be fleshed out or there needs to be re-calculation depending on summary judgment, trial, or other factors, supplementation will remedy those concerns.

To reiterate, the Court's mandate is that regardless of the form trial ultimately takes (all at once, in phases, or separate trials), the parties should be fully prepared. In order to do that, discovery will not be stayed.

## V. ORDER

1. Elea's Motion to Bifurcate and Stay (Dkt. 284) is DENIED.

2. Elea's Motion to Seal (Dkt. 292) is GRANTED.

DATED: November 9, 2021

David C. Nye
Chief U.S. District Court Judge