Brian M. Buroker (*pro hac vice*)
Vladimir J. Semendyai (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8541
Email: BBuroker@gibsondunn.com
        VSemendyai@gibsondunn.com

Dana M. Herberholz, ISB No. 7440
Christopher Cuneo, ISB No. 8557
Brook B. Bond, ISB No. 6340
Jordan L. Stott, ISB No. 9820
Margaret N. McGann, ISB No. 10849
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID  83702
Telephone: (208) 562-4900
Email: DHerberholz@parsonsbehle.com
        CCuneo@parsonsbehle.com
        BBond@parsonsbehle.com
        JStott@parsonsbehle.com
        MMcGann@parsonsbehle.com

Attorneys for J.R. Simplot Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>McCAIN FOODS USA, INC.<br><br>Defendant.<br><br>McCAIN FOODS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>J.R. SIMPLOT COMPANY,<br><br>Defendant.<br><br>J.R. SIMPLOT COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ELEA VERTRIEBS-UND-VERMARKTUNGSGESELLSCHAFT, MBH; FOOD PHYSICS LLC,<br><br>Third-Party Defendants. | Case No. 1:16-cv-00449-DCN<br><br>**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA** |

## TABLE OF CONTENTS

UNDISPUTED MATERIAL FACTS – SIMPLOT'S CLAIMS FOR BREACH ......................... 1

    I.     The Simplot-Elea Purchase Contract And Elea's Promise To Defend And Indemnify Simplot ...................................................................................... 1

    II.    Simplot Purchased And Installed Elea's PEF Systems In The United States......... 3

    III.   McCain Sued Simplot For Patent Infringement Arising From Simplot's Use Of Elea's PEF Systems...................................................................... 3

    IV.   Simplot Notified Elea Of The McCain Lawsuit And Demanded Defense And Indemnity ...................................................................................... 4

    V.    Elea Refused To Defend Or Indemnify Simplot And Refused To Obtain A License For Simplot......................................................................... 4

    VI.   Simplot Incurred Damages As A Result Of Elea's Refusal To Defend Simplot....................................................................................... 5

UNDISPUTED MATERIAL FACTS – ELEA'S AFFIRMATIVE DEFENSES......................... 5

    I.     Negotiation Of The Purchase Contract ..................................................... 5

    II.    Simplot Did Not Modify The Purchase Contract Or Waive Its Defense And Indemnity Rights.......................................................................... 6

J.R. Simplot Company ("Simplot") hereby respectfully submits the following undisputed material facts in support of its Renewed Motion for Partial Summary Judgment Against Elea.

## UNDISPUTED MATERIAL FACTS – SIMPLOT'S CLAIMS FOR BREACH

**I.     THE SIMPLOT-ELEA PURCHASE CONTRACT AND ELEA'S PROMISE TO DEFEND AND INDEMNIFY SIMPLOT**

1.     On January 21, 2013, Simplot entered into an Equipment Furnish Only Purchase Contract ("Purchase Contract") with Elea for the purpose of purchasing Pulsed Electric Field ("PEF") systems from Elea. Declaration of James Englar in Support of J.R. Simplot Company's Motion for Partial Summary Judgment Against Elea ("Englar Decl.") ¶ 4, Exh. A.

2.     The Purchase Contract refers to Elea as "Seller" or "Contractor." Purchase Contract at 1.

3.     The Purchase Contract includes the following Section 1.3:

> **1.3** "Work" shall mean any and all labor, supervision, services, materials, goods, consumables, equipment, reports, evaluations, engineering, delivery, drawings, testing, manuals, documents, and all other necessary activities for the execution and timely completion of Seller's obligations under this Agreement.

*Id.*, ¶ 1.3

4.     The Purchase Contract refers to PEF systems as "the Equipment." *Id.*, ¶ 2.

5.     The Purchase Contract includes the following Section 13:

> **13. Contract Administration.** Seller is solely responsible for strict compliance with all requirements of this Agreement. No notice, communication, or representation in any form or from any person other than the below named Simplot employees, shall be effective to relieve Seller of any obligation or prevent Simplot from enforcing the Agreement according to its written terms:
>
> > Bob Atwood, Simplot
> > Mark Currie, Simplot
> > Tim Large, Simplot Canada
> > Greg Lisso, Simplot

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 1**

> David Mullen, Simplot Australia
> Barry Robinson, Simplot
>
> Other than a senior officer of Simplot and the persons listed above, no other Simplot employee has the authority to change or waive any provision of this Agreement, including but not limited to the description of Equipment and services to be delivered, scope of Work, drawings, specifications, and standards, whether attached or incorporated by reference, or to create any legally binding commitment on behalf of Simplot. If the individuals named herein do provide direction or changes in accordance with the changes clause, such direction or change must be in writing and must be signed by one of the above-named individuals. In no case shall oral communications be effective to change or modify this Agreement.

*Id.*, ¶ 13.

6.      The Purchase Contract includes the following Section 17:

> **17. Patent Indemnification.** Seller represents and warrants that the Work or any portions thereof do not infringe any patent, copyright, trademark, or trade secret. Seller shall pay all royalties and license fees and at its sole expense shall provide for Simplot the right to use any Seller-provided design, device, material, or process covered by a patent or copyright. Seller, at its expense, will defend, save harmless, and indemnify Simplot against all losses, damages, liabilities, costs, and expenses (including but not limited to reasonable attorney's fees) and shall otherwise dispose of any suit brought against Simplot or its representatives which is based on a claim that the Equipment and supplies proposed and offered by Seller, and the operation or use thereof in accordance with the methods specified by Seller constitutes an infringement of any United States patent, foreign patents, trademarks, or any other violation or infringement of any other intellectual property rights of any third party.

*Id.*, ¶ 17.

7.      The Purchase Contract includes the following Section 29.5:

> **29.5 Modification.** This Agreement shall not be modified or altered except in writing signed by the Parties.

*Id.*, ¶ 29.5.

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 2**

8.    The Purchase Contract includes the following Section 29.6:

**29.6  Waiver.**  The failure of Simplot to require to the performance of any of the terms of this Agreement, or the waiver by Simplot of any breach of this Agreement, shall neither prevent a subsequent enforcement of such term, nor be deemed a waiver of any subsequent breach.

*Id.*, ¶ 29.6.

9.    The Purchase Contract includes the following Section 30:

**30. Entire Agreement.**  This Agreement and the attachments hereto and incorporated herein by this reference, and any PO issued in conjunction with this Agreement represent the entire agreement between the Parties.  The PO and this Agreement are intended to supplement each other.  In the event of a conflict between the PO and this Agreement, the terms and conditions of this Agreement shall prevail.  All other agreements written, verbal or otherwise, are hereby superseded by this Agreement.

*Id.*, ¶ 30.

## II.    SIMPLOT PURCHASED AND INSTALLED ELEA'S PEF SYSTEMS IN THE UNITED STATES

10.    In a marketing brochure titled "PEF Systems," Elea marketed its SmoothCut PEF Systems as "the optimal solution for the treatment of tubers, roots, vegetables and fruits." Declaration of Dana Herberholz ("Herberholz Decl.") ¶ 2, Exh. A (McCain's Complaint for Patent Infringement and Jury Demand ("McCain Complaint")) at Exh. C, p. 4.

11.    In 2013, Simplot purchased one or more PEF systems from Elea.  Englar Decl. ¶¶ 5-7, Exhs. B-D.

## III.    MCCAIN SUED SIMPLOT FOR PATENT INFRINGEMENT ARISING FROM SIMPLOT'S USE OF ELEA'S PEF SYSTEMS

12.    On February 21, 2017, McCain sued Simplot for patent infringement in the Northern District of Illinois in the case captioned *McCain Foods Limited v. J.R. Simplot Company*,

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 3**

Case No. 1:17-cv-1326 (the "McCain Lawsuit").    McCain Complaint; Third-Party Complaint (Dkt. 113) ¶ 9; Third-Party Defendants' Answer to Third-Party Complaint (Dkt. 128) ¶ 9.

13.    In the McCain Lawsuit, McCain alleges that Simplot directly infringes U.S. Patent No. 6,821,540 ("the '540 Patent") by using PEF systems "in its United States plants to process potato products that are sold in this judicial district and throughout the United States.   On information and belief, at least some of these PEF systems have been supplied and/or designed by an entity called Elea Gmbh ("Elea")."  McCain Complaint ¶ 19.

## IV.    SIMPLOT NOTIFIED ELEA OF THE MCCAIN LAWSUIT AND DEMANDED DEFENSE AND INDEMNITY

14.    In an email dated February 24, 2017, Simplot's Chief IP Counsel, Dr. Vid Mohan-Ram, notified Elea's Managing Director, Dr. Stefan Topfl, of the McCain Lawsuit, attached a copy of McCain's infringement complaint, and recommended that Dr. Topfl review the lawsuit with his attorney.   Declaration of Vid Mohan-Ram in Support of J.R. Simplot Company's Motion for Partial Summary Judgment Against Elea ("Mohan-Ram Decl.") ¶ 4, Exh. A.

15.    On November 2, 2017, Simplot submitted to Elea a written demand that Elea defend and indemnify Simplot against McCain's infringement claims pursuant to the terms of the Purchase Contract.  Mohan-Ram Decl. ¶ 7, Exh. D.

16.    On December 4, 2017, Simplot submitted to Elea its "Indemnification costs to date," and requested confirmation that Elea would reimburse Simplot for its fees and expenses incurred in defending against McCain's infringement claims.  Mohan-Ram Decl. ¶ 8, Exh. E.

## V.    ELEA REFUSED TO DEFEND OR INDEMNIFY SIMPLOT AND REFUSED TO OBTAIN A LICENSE FOR SIMPLOT

17.    In an email dated January 25, 2019, Dr. Topfl, on behalf of Elea, refused Simplot's demand for defense and indemnity.  Mohan-Ram Decl. ¶ 9, Exh. F.

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 4**

18.    In 2019, Elea denied, and continues to deny, that it has a duty to defend or indemnify Simplot regarding McCain's claim that Simplot infringed the '540 Patent by using Elea's PEF systems in the United States ("the '540 Patent Infringement Claim"). Third-Party Defendants' Answer ¶¶ 16, 18, 26.

19.    Elea does not have an express license to the '540 Patent. Herberholz Decl. ¶ 3, Exh. B (Elea's Supplemental Responses to Simplot's Interrogatories), Resp. to Inter. No. 1 at pp. 5-7 of 54; Resp. to Inter No. 14 at pp. 41-46 of 54.

20.    Elea has not paid all royalties and license fees or provided for Simplot the right to use the PEF systems; nor has Elea disposed of McCain's '540 Patent Infringement Claim. Mohan-Ram Decl. at ¶ 11.

## VI.    SIMPLOT INCURRED DAMAGES AS A RESULT OF ELEA'S REFUSAL TO DEFEND SIMPLOT

21.    To date, Simplot has incurred at least $2,500,000 in attorneys' fees and costs in defending against McCain's '540 Patent Infringement Claim. Mohan-Ram Decl., at ¶ 10; Declaration of Andre Jardini in Support of J.R. Simplot Company's Renewed Motion for Partial Summary Judgment Against Elea ¶ 4, Exh. A (Expert Report of Andre Jardini at ¶¶ 21-25).

22.    Elea has not reimbursed Simplot for any of the attorneys' fees and costs that Simplot has incurred in defending against McCain's '540 Patent Infringement Claim. Mohan-Ram Decl., at ¶¶ 10-11.

## UNDISPUTED MATERIAL FACTS – ELEA'S AFFIRMATIVE DEFENSES

## I.    NEGOTIATION OF THE PURCHASE CONTRACT

23.    Elea was aware of the '540 Patent before it signed the Purchase Contract. Third Party Defendants' Answer ¶ 17.

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 5**

24.    The parties negotiated at least one term of the Purchase Contract.  Herberholz Decl. Exh. D (Transcript of the Deposition of Nickolas Speakman ("Speakman Tr.")) at 106:13-109:16, 113:6-20; 159:8-15; Herberholz Decl. Exh. E (Transcript of the Deposition of Barry Robinson ("Robinson Tr.")) at 28:7-29:2; 36:18-38:5; Herberholz Decl. Exh. F (Transcript of the Deposition of Mark Currie) at 18:8-19:18, TPDX 9.

25.    Simplot prepared the initial draft of the Purchase Contract and provided the draft to Elea.  Speakman Tr. at 158:22-159:7.

26.    Elea proposed at least one revision to the Purchase Contract, including the proposed revision that German Law apply to the contract.  Speakman Tr. at 159:8-15.

27.    Simplot accepted and incorporated into the Purchase Contract at least some of Elea's proposed revisions, including the revision regarding German law.  Speakman Tr. at 158:22-159:15

28.    On January 14, 2013, Barry Robinson, Purchasing Manager for Simplot, sent an email to Nick Speakman of Elea, attaching a "redlined version" of the Purchase Contract so that Mr. Speakman could "see all changes (previously and recently discussed)" and inviting Mr. Speakman to discuss the draft.  Robinson Tr. at 51:19-52:21, Exh. TPDX 60.

29.    Before signing the Purchase Contract, Elea did not propose any revisions to Paragraph 17 of the Purchase Contract, titled "Patent Indemnification." Speakman Tr. at 124:4-22; 158:22-160:16.

## II.    SIMPLOT DID NOT MODIFY THE PURCHASE CONTRACT OR WAIVE ITS DEFENSE AND INDEMNITY RIGHTS

30.    Simplot and Elea did not sign any written instrument modifying the terms of the Purchase Contract, including an agreement whereby Simplot waived its rights to defense or indemnity. Mohan-Ram Decl. at ¶ 13.

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 6**

31.    Elea asserts that Simplot orally waived its rights to defense and indemnity under the Purchase Contract during a meeting in Boise, Idaho on August 8, 2017.  Herberholz Decl., Exh. B, Elea's Resp. to Inter. 9 at 28-29.

32.    Mr. Speakman attended the August 8, 2017 meeting on behalf of Food Physics, and no representative of Elea attended the meeting.  *Id*. at 28.

33.    Elea asserts that during a meeting in Buenos Aires, Argentina on August 16, 2017, Mark Currie, then a Simplot employee, said that Simplot "would not hold Elea liable for the suit filed by McCain" and, therefore, orally waived Simplot's rights to defense and indemnity under the Purchase Contract.  *Id*. at 29.

34.    Elea's 30(b)(6) representative, Stefan Topfl, testified that Simplot never sent a letter, email, or other writing to Elea informing Elea that Simplot was waiving its indemnity rights. Herberholz Decl. Exh. C (Transcript of the Deposition of Stefan Topfl) at 386:18-387:9.

DATED THIS 26th day of January, 2022.

PARSONS BEHLE & LATIMER


By */s/ Dana M. Herberholz*
Dana M. Herberholz
Christopher Cuneo
Brook B. Bond
Jordan L. Stott
Margaret N. McGann

GIBSON, DUNN & CRUTCHER LLP
Brian M. Buroker
Vladimir J. Semendyai

Attorneys for J.R. Simplot Company


**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 7**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 26th day of January, 2022, I electronically filed the within and foregoing instrument with the Clerk of the Court using the CM/ECF system, which caused the following parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Meredith M. Wilkes, Attorney for McCain
mwilkes@jonesday.com

John C. Evans, Attorney for McCain
jcevans@jonesday.com

John A. Marlott, Attorney for McCain
jamarlott@jonesday.com

Joshua R. Nightingale, Attorney for McCain
jrnightingale@jonesday.com

David B. Cochran, Attorney for McCain
dcochran@jonesday.com

Michael G. Brady, Attorney for McCain
mbrady@eberle.com

Susan M. Gerber, Attorney for McCain
smgerber@jonesday.com

Bradley J. Dixon, Attorney for Third-Party Defendants
bradleydixon@givenspursley.com

Kersti H. Kennedy, Attorney for Third-Party Defendants
kerstikennedy@givenspursley.com

Kenneth J. Sheehan, Attorney for Third-Party Defendants
ksheehan@bakerlaw.com

Christina J. Moser, Attorney for Third-Party Defendants
cmoser@bakerlaw.com

Nikki L. Sanford, Attorney for Third-Party Defendants
nsanford@bakerlaw.com

Charles C. Carson, Attorney for Third-Party Defendants
ccarson@bakerlaw.com

Phillip D. Wolfe, Attorney for Third-Party Defendants
pwolfe@bakerlaw.com

*/s/ Dana M. Herberholz*
Dana M. Herberholz

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF J.R. SIMPLOT COMPANY'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ELEA - 8**