Brian M. Buroker (*pro hac vice*)
Vladimir J. Semendyai (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8541
Email: BBuroker@gibsondunn.com
        VSemendyai@gibsondunn.com

Dana M. Herberholz, ISB No. 7440
Christopher Cuneo, ISB No. 8557
Brook B. Bond, ISB No. 6340
Jordan L. Stott, ISB No. 9820
Margaret N. McGann, ISB No. 10849
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID  83702
Telephone: (208) 562-4900
Email: DHerberholz@parsonsbehle.com
        CCuneo@parsonsbehle.com
        BBond@parsonsbehle.com
        JStott@parsonsbehle.com
        MMcGann@parsonsbehle.com

Attorneys for J.R. Simplot Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>McCAIN FOODS USA, INC.<br><br>Defendant. | Case No. 1:16-cv-00449-DCN<br><br>**J.R. SIMPLOT COMPANY'S RESPONSE TO THIRD-PARTY DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REPORT OF ANDRÉ JARDINI (DKT. 376)** |
| McCAIN FOODS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>J.R. SIMPLOT COMPANY,<br><br>Defendant. | |
| J.R. SIMPLOT COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ELEA VERTRIEBS-UND-VERMARKTUNGSGESELLSCHAFT, MBH; FOOD PHYSICS LLC,<br><br>Third-Party Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

ARGUMENT ............................................................................................................... 2

    I.    Legal Standard .................................................................................... 2

    II.    Mr. Jardini's Opinion that Gibson, Dunn & Crutcher Charged Reasonable Rates is Supported by his Report .......................................................... 3

    III.    Mr. Jardini is a Highly Respected and Well-Qualified Expert Whose Opinions Meet the Applicable Rule 702 Standards ............................... 7

        A.    702(a): The Expert's Scientific, Technical, Or Other Specialized Knowledge Will Help The Trier Of Fact To Understand The Evidence Or To Determine A Fact In Issue ............................... 7

        B.    702(b): The Testimony Is Based On Sufficient Facts Or Data ................... 9

            1.    The Redactions In This Case Are Necessary Due To The Nature Of Ongoing Litigation............................................. 9

            2.    Third Party Defendants' Analysis of the Expert Fees is Misplaced.................................................................... 13

        C.    702(c) and (d): The Testimony Is The Product Of Reliable Principles And Methods; And The Expert Has Reliably Applied The Principles And Methods To The Facts Of The Case ........................ 13

    IV.    This Court Can Perform an *In Camera* Review of the Unredacted invoices or, Alternatively, Simplot Would be Amenable to a Confidential Damages Proceeding.................................................................................... 17

CONCLUSION............................................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*AKH Co., Inc. v. Universal Underwriters Ins. Co.*
   428 F. Supp. 3d 536 (D. Kan. 2019) ................................................................ 8

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*
   738 F.3d 960 (9th Cir. 2013) ................................................................ 12, 16

*Allen v. Ghoulish*
   Civil No. 06-cv-371-NLS, 2008 WL 474394 (S.D. Cal. Feb. 19, 2008) ........................... 9

*Asset Vision, LLC v. Fielding*
   No. 4:13-CV-00288-BLW, 2014 WL 7186840 (D. Idaho Dec. 16, 2014) ......................... 4

*Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corporation*
   73 F.3d 150 (7th Cir. 1996) ................................................................ 6, 7

*Brit. Telecommunications PLC v. IAC/InterActiveCorp*
   330 F.R.D. 387 (D. Del. 2019) ................................................................ 4

*Chalmers v. City of Los Angeles*
   796 F.2d 1205 (9th Cir. 1986) ................................................................ 4

*City of Pomona v. SQM N. Am. Corp.*
   750 F.3d 1036 (9th Cir. 2014) ........................................................ 3, 12, 17

*Daubert v. Merrell Dow Pharm., Inc.*
   43 F.3d 1311 (9th Cir. 1995) ................................................................ 3

*Daubert v. Merrell Dow Pharms., Inc.*
   509 U.S. 579 (1993) ................................................................ 2, 3, 14

*Democratic Party of Washington State v. Reed*
   388 F.3d 1281 (9th Cir. 2004) ................................................................ 10

*Elosu v. Middlefork Ranch Inc.*
   No. 1:19-CV-00267-DCN, 2021 WL 230038 (D. Idaho Jan. 22, 2021) ........................... 3

*Finjan, Inc. v. Juniper Network, Inc.*
   No. 3:17-CV-05659-WHA, 2021 WL 3674101 (N.D. Cal. May 20, 2021) ............... 15, 16

*Finjan, Inc. v. Juniper Networks, Inc.*
   No. C 17-05659-WHA, 2021 WL 3140716 (N.D. Cal. July 26, 2021) ........................... 15

*Gonzalez v. City of Maywood*
729 F.3d 1196 (9th Cir. 2013) ....................................................................... 4

*Hoang v. Rosen*
No. DKC 12-3184, 2013 U.S. Dist. LEXIS 127759 (D. Md. Sep. 6, 2013)..................... 14

*In re TransPerfect Glob., Inc.*
2021 WL 1711797 (Del. Ch. Apr. 30, 2021) ....................................................... 5

*Ingram v. Oroudjian*
647 F.3d 925 (9th Cir. 2011) ......................................................................... 4

*Kerr v. Screen Extras Guild, Inc.*
526 F.2d 67 (9th Cir. 1975) .......................................................................... 17

*Kimberly-Clark Corp. v. Extrusion Grp., LLC*
No. 1:18-CV-04754-SDG (N.D. Ga. Apr. 2, 2020)............................................... 5

*Kumho Tire Co. v. Carmichael*
526 U.S. 137 (1999)..................................................................................... 2

*Legere-Gordon v. Firstcredit Inc.*
No. 1:19-CV-360 WBS, 2021 WL 2269503 (D. Idaho June 2, 2021) ....................... 4, 5, 6

*Lira v. Director of Corrections*
No. 3:00-cv-C-00-0905-SI (N.D. Cal. Jan. 19, 2010)............................................ 8, 11, 12

*Medcom Holding Co. v. Baxter Travenol Lab'ys, Inc.*
200 F.3d 518 (7th Cir. 1999) ........................................................................ 6, 7

*MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*
No. 16 CIV. 8103 (LGS), 2017 WL 1194372 (S.D.N.Y. Mar. 30, 2017) ......................... 4

*Perfect 10, Inc. v. Giganews, Inc.*
No. CV 11-07098-AB SHX, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015),
*aff'd*, 847 F.3d 657 (9th Cir. 2017)................................................................... 9

*Precision Seed Cleaners v. Country Mut. Ins. Co.*
No. 03:10-cv-01023-HZ, 2013 U.S. Dist. LEXIS 33116 (D. Or. Mar. 11, 2013)............ 14

*Primiano v. Cook*
598 F.3d 558 (9th Cir. 2010), as amended (Apr. 27, 2010)................................... 3

*Roma Landmark Theaters, LLC v. Cohen Exhibition Co. LLC*
No. CV 2019-0585-PAF, 2021 WL 5174088 (Del. Ch. Nov. 8, 2021)........................... 4

*Shame on You Prods., Inc. v. Banks*
No. CV1403512MMMJCX, 2016 WL 5929245 (C.D. Cal. Aug. 15, 2016),
*aff'd*, 893 F.3d 661 (9th Cir. 2018) ................................................................................... 9

*Swope v. Oneida Sch. Dist. No. 351*
No. 4:17-CV-00113-DCN, 2019 WL 1781405 (D. Idaho Apr. 23, 2019) ....................... 13

*Taco Bell Corp. v. Cont'l Cas. Co.*
388 F.3d 1069 (7th Cir. 2004) ...................................................................................... 6, 7

*United States v. Babichenko*
No. 1:18-CR-00258-BLW, 2021 WL 780902 (D. Idaho Mar. 1, 2021) .......................... 17

*United States v. Eyraud*
809 F.3d 462 (9th Cir. 2015) ......................................................................................... 18

*United States v. Gonzales*
307 F.3d 906 (9th Cir. 2002) ......................................................................................... 14

*United States v. Idaho Cty. Light & Power Coop. Ass'n, Inc.*
No. 3:17-CV-00391-CWD, 2020 WL 603478 (D. Idaho Feb. 7, 2020) ..................... 3, 12

*United States v. Wells*
879 F.3d 900 (9th Cir. 2018) ......................................................................................... 17

*United States v. Zolin*
491 U.S. 554 (1989) ....................................................................................................... 18

*W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*
2019 WL 5873455 (D. Idaho Jan. 2, 2019) ................................................................... 17

*Wendell v. GlaxoSmithKlein LLC*
858 F.3d 1227 (9th Cir. 2017) ......................................................................................... 3

*Yamada v. Nobel Biocare Holding AG*
825 F.3d 536 (9th Cir. 2016) ......................................................................................... 18

## Rules

FED. R. EVID. 602 ................................................................................................................ 13

FED. R. EVID. 702 ........................................................................................... 2, 3, 14, 15, 18

FED. R. EVID. 702(a)............................................................................................................. 8

FED. R. EVID. 702(b) ............................................................................................................ 9

FED. R. EVID. 702(c)........................................................................................................... 16

FED. R. EVID. 702(d) ............................................................................................................ 16

FED. R. EVID. 703 ......................................................................................................... 13, 14

J.R. Simplot Company ("Simplot") hereby respectfully submits its response in opposition to Elea Vertriebs-und-Vermarktungsgesellschaft, MBH and Food Physics, LLC's (collectively, "Third-Party Defendants") Motion in Limine to Exclude Expert Testimony and Report of André Jardini (Dkt. 376), filed January 26, 2022 (hereinafter, the "Motion").

## **INTRODUCTION**

This case concerns the Third-Party Defendants' failure to pay Simplot's legal defense fees, for which the Third-Party Defendants are contractually obligated. At the outset, Simplot notes that the Third-Party Defendants have not retained an expert regarding the legal fees at issue. Accordingly, Mr. Jardini is the only expert to opine on the reasonableness of fees, and Mr. Jardini's Expert Report establishing the reasonableness of fees (the "Report"), is unrebutted. Dkt. 337-22, Ex. A.

The Third-Party Defendants' arguments about the redaction of Simplot's attorney fee invoices neglect to address the fact that this is ongoing, active litigation, wherein the Third-Party Defendants, along with McCain, previously tried to assert that Simplot waived its attorney-client privilege and sought to require Simplot to produce all information and communications regarding the '540 patent. For the Third-Party Defendants to now argue that the redactions are too extensive is meritless. To that end, the redactions are necessary to preserve Simplot's attorney-client privilege and work product protections in this active matter.[1]

Further, Simplot notes the irony of the Third-Party Defendants' complaint regarding Simplot's use of national counsel, and their rates, when Third-Party Defendants themselves have contracted with a national law firm. Third-Party Defendants have not articulated why it is

---

[1] As addressed more fully below, Simplot is willing to provide unredacted invoices for the Court's *in camera* review or through a confidential damages proceeding.

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 1**

unreasonable for Simplot to utilize a specialized national counsel, when Third-Party Defendants are doing the same.

Finally, the Third-Party Defendants have not set forth grounds supporting the exclusion of Mr. Jardini's testimony or his Report. As explained below, Mr. Jardini is a qualified expert, and his Report satisfies the requirements of the Federal Rules of Evidence. Any challenges the Third-Party Defendants now raise go to the weight of his testimony, not the admissibility, and should be raised through cross-examination as opposed to this Motion. Accordingly, Simplot respectfully requests that the Court deny the Motion.

## **ARGUMENT**

For the reasons set forth below, the Motion should be denied. Third-Party Defendants have not set forth a sufficient basis to exclude Mr. Jardini's testimony or Report under Rule 702. As explained below, Mr. Jardini is a highly respected and well-qualified expert whose opinions meet the applicable Rule 702 standards.  Any alleged shortcomings with his testimony put forth by the Third-Party Defendants go to the weight of his testimony, not admissibility.

## I.    LEGAL STANDARD

Under Rule 702, a qualified witness with specialized knowledge helpful to the jury may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. FED. R. EVID. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). If an expert is qualified to testify, the expert's testimony must be both relevant and reliable to be admissible under Rule 702. *Daubert*, 509 U.S. at 597. "[T]rial judges [have] the responsibility of acting as gatekeepers to exclude unreliable expert testimony." FED. R. EVID. 702 Advisory Comm. Notes, 2000 Amendment. As gatekeeper, the Court should focus "solely on principles and

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 2**

methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595; *see also Wendell v. GlaxoSmithKlein LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (stating the Court's "task … is to analyze not what the experts say, but what basis they have for saying it") (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) (Daubert II)).

When an expert meets the threshold established by Rule 702, the expert may testify and the jury decides how much weight to give that testimony. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), as amended (Apr. 27, 2010); *see also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (challenges going to the weight of the evidence and credibility determinations are reserved for the finder of fact). The party who seeks to introduce expert testimony must show by a preponderance of the evidence that the testimony is admissible. FED. R. EVID. 702; *Elosu v. Middlefork Ranch Inc.*, No. 1:19-CV-00267-DCN, 2021 WL 230038, at *4 (D. Idaho Jan. 22, 2021).

"A minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method does not render expert testimony inadmissible." *United States v. Idaho Cty. Light & Power Coop. Ass'n, Inc.*, No. 3:17-CV-00391-CWD, 2020 WL 603478, at *8 (D. Idaho Feb. 7, 2020) (citation omitted). "[T]he impact of imperfectly conducted investigatory procedures or techniques is approached 'more properly as an issue going not to the admissibility, but to the weight' of the opinion." *Id.* (citation omitted).

## II.    MR. JARDINI'S OPINION THAT GIBSON, DUNN & CRUTCHER CHARGED REASONABLE RATES IS SUPPORTED BY HIS REPORT

Third-Party Defendants first contend that Mr. Jardini's opinion that Simplot's attorneys' rates were reasonable is contrary to law. Memorandum in Support of Motion (Dkt. 379) ("Mem."), at 4. In so alleging, the Third-Party Defendants cite various cases, none of which involve patent litigation. *Id.* at 4-5.

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 3**

Indeed, patent litigation involves specialized areas of the law in which only a small number of attorneys specialize. *See Brit. Telecommunications PLC v. IAC/InterActiveCorp*, 330 F.R.D. 387, 390 (D. Del. 2019) (recognizing the "complex and technical realm" of patent litigation). Although it is true that, generally, when determining a reasonable hourly rate, the district court considers the community in which the district court sits, *Legere-Gordon v. Firstcredit Inc.*, No. 1:19-CV-360 WBS, 2021 WL 2269503, at *7 (D. Idaho June 2, 2021) (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013)), the court also "looks to hourly rates prevailing in the relevant legal community for *similar work performed by attorneys of comparable skill, experience, and reputation*." *Asset Vision, LLC v. Fielding*, No. 4:13-CV-00288-BLW, 2014 WL 7186840, at *3 (D. Idaho Dec. 16, 2014) (emphasis added) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (emphasis added)). In that regard, affidavits of an attorney requesting the attorney fees, "and other attorneys regarding prevailing fees in the relevant community, and rate determinations in other cases, particularly those setting a rate for the [requesting] attorney, are satisfactory evidence of the prevailing market rate." *Legere-Gordon*, 2021 WL 2269503, at *7 (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1986)).

Gibson Dunn's rates have been found to be reasonable in numerous cases due to the complexity of the work the firm was engaged in. *See Roma Landmark Theaters, LLC v. Cohen Exhibition Co. LLC*, No. CV 2019-0585-PAF, 2021 WL 5174088, at *6 (Del. Ch. Nov. 8, 2021) (holding that Gibson Dunn's rates, including the partner rate of $1,645, were reasonable and "reflect[ed] the complexity of the work performed and the results obtained" and noting "Defendant has not supplied the court with its own counsel's rates or amounts charged in this litigation to provide any comparison"); *MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, No. 16 CIV. 8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (finding that

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 4**

rates of $569.02 to $753.42 per hour for associates and $874.60 to $1,048.47 per hour for partners at Gibson Dunn "are reasonable under the circumstances, given the experience and work performed by the particular individuals"); *In re TransPerfect Glob., Inc.*, 2021 WL 1711797, at *23-25 & n.245 (Del. Ch. Apr. 30, 2021) (finding Skadden's hourly rates of $1,275 to $1,560 for partners, $595 to $1,040 for associates, and $335 to $480 for legal assistants were reasonable, because they were "in line with the rates of firms that can fairly be considered [its] peers," such as Gibson Dunn); *Kimberly-Clark Corp. v. Extrusion Grp., LLC*, No. 1:18-CV-04754-SDG, Dkt. 208 at 12 (N.D. Ga. Apr. 2, 2020) (finding Gibson Dunn's rates "within the average billable rates for similar services by lawyers of reasonably comparable skills, experience, and reputation").

Mr. Jardini's Report recognized the complex nature of patent litigation in establishing that the rates charged by Simplot's attorneys were reasonable. The Report notes that "patent litigation is by its very nature, complex and factually rich. The level of practice required to effectively defend patent litigation of any type is significant." Dkt. 337-22, Ex. A, at 9. The Report further notes that patent cases with high potential exposure often require the retention of national or international law firms, such as Gibson Dunn. *Id.* The Report establishes that Gibson Dunn is an international law firm and that its rates are in line with those charged by similar firms, such as Jones Day. *Id.* at 21. As Mr. Jardini explains in his Report, patent litigation involving matters with potentially high exposure "are regularly handled by large national or international law firms. Gibson Dunn's involvement follows this practice. Indeed, McCain is represented by an international firm (Jones Day), as are Third-Party Defendants (Baker Hostetler)." *Id.* at 9.

The primary case relied on by Third-Party Defendants, *Legere-Gordon*, 2021 WL 2269503, at *7, involved a public interest class action wherein the fees had not been paid by any party, but were to be paid from the class settlement. *See* Mem. at 5. Although Third-Party

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 5**

Defendants contend that case stands for the proposition that partner rates can never exceed $280/hour in Idaho, the *Legere-Gordon* court did not make such an explicit ruling, and indeed the facts of that case are far different than this case, which involves complex, specialized patent litigation. Indeed, Mr. Jardini recognized the same and attested that Gibson Dunn's rates are reasonable.

Further, the fact that Simplot has paid Gibson Dunn's fees, with no guaranty of recovery, goes to the reasonableness of the fees. The case *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corporation*, involved a fee award pursuant to an indemnity contract that required defendant to "to hold [plaintiff] harmless against any expenses (including, without limitation, attorneys' fees and expenses) incurred by [plaintiff] as a direct or indirect result of any breach or default by defendant." 73 F.3d 150, 153 (7th Cir. 1996). The Seventh Circuit approved the fee award stating: "[c]ourts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about market value; it is market value." *Id.*

This is especially true when there is uncertainty about reimbursement. In *Taco Bell Corp. v. Cont'l Cas. Co*., 388 F.3d 1069, 1075-76 (7th Cir. 2004), the court said:

> Zurich complains about the amount of defense costs incurred by Taco Bell. … When Taco Bell hired its lawyers, and indeed at all times since, Zurich was vigorously denying that it had any duty to defend—any duty, therefore, to reimburse Taco Bell. Because of the resulting uncertainty about reimbursement, Taco Bell had an incentive to minimize its legal expenses (for it might not be able to shift them); and where there are market incentives to economize, there is no occasion for a painstaking judicial review.

*Id.*; *see also Medcom Holding Co. v. Baxter Travenol Lab'ys, Inc.*, 200 F.3d 518, 520 (7th Cir. 1999) ("If the bills were paid, this strongly implies that they meet market standards. The fees in dispute here are not pie-in-the-sky numbers that one litigant seeks to collect from a stranger but would never dream of paying itself. These are bills that [plaintiff] actually paid in the ordinary

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 6**

course of its business. The indemnity requires [defendants] to make [plaintiff] whole, which means reimbursement for commercially-reasonable fees no matter how the bills are stated.").

This case is similar to *Balcor Real Estate Holdings*, *Taco Bell* and *Medcom*. Despite the Third-Party Defendants' clear duty to defend Simplot, the Third-Party Defendants have failed and refused to do so. Simplot has incurred the entirety of its legal fees with uncertainty as to whether it will be able to recover them from the Third-Party Defendants and has paid those fees in the ordinary course of its business. Indeed, there is no dispute that the attorney fees have been incurred and paid by Simplot, and that is a strong indication that the fees charged represent the market value for the same.

Simplot further notes that Third-Party Defendants do not argue that Parsons Behle & Latimer's ("Parsons") rates were unreasonable, and indeed, those partner rates exceed $280 per hour. As noted in the Report, the fees from Parsons comprised the majority of the fees incurred by Simplot. Dkt. 337-22, Ex. A, at 20. Thus, even if Gibson Dunn's fees were reduced, it would have a minimal impact on the overall fees Simplot is owed by Third-Party Defendants.

## III.    MR. JARDINI IS A HIGHLY RESPECTED AND WELL-QUALIFIED EXPERT WHOSE OPINIONS MEET THE APPLICABLE RULE 702 STANDARDS

### A.    702(a): The Expert's Scientific, Technical, Or Other Specialized Knowledge Will Help The Trier Of Fact To Understand The Evidence Or To Determine A Fact In Issue

Mr. Jardini possesses the requisite expertise to testify on the reasonableness of the attorney fees in this matter.  The testimony that he will give is properly within the scope of his expertise. Mr. Jardini has extensive experience in evaluating attorney fees, specifically those involving patent litigation, which is a highly skilled and specialized category of litigation. Mr. Jardini has practiced law for 44 years and has considerable experience litigating intellectual property disputes. Dkt. 337-22, Ex. A., at 2-3. He has personally audited numerous attorney fee submissions in intellectual

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 7**

property matters. *Id.* at 3. He has testified in more than 300 cases regarding the reasonableness of attorney fees, for both the proponent of the fees and opposing party. *Id.* at 5.

Indeed, given Mr. Jardini's extensive experience in the realm of attorney fees, it would be difficult to find an expert better qualified under Rule 702(a) to evaluate the relevant evidence and "help the trier of fact to understand the evidence or to determine" the fees at issue in this case.

As noted above, a witness qualified as an expert typically is permitted to testify if the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). Without Mr. Jardini's testimony, the jury would otherwise be presented with many invoices showing thousands of attorney fee entries, without focused guidance or a means of synthesizing the significant contents. Indeed, Third-Party Defendants have not retained any expert to opine on attorney fees, and thus Mr. Jardini's testimony is unrebutted.

Mr. Jardini has been trusted by courts on numerous occasions to do just this type of analysis and provide testimony or reports to the court, as detailed in his Report. Given the hundreds of cases in which Mr. Jardini has been an expert, it is no surprise that the Third-Party Defendants were able to cherry-pick a few cases where Mr. Jardini's report was not followed in its entirety or that involved facts inapposite to the current case. *See* Mem. at 19-20. Indeed, the five cases found and cited by the Third-Party Defendants constitute less than 2% of the more than 300 cases in which Mr. Jardini has served as an expert. Dkt. 337-22, Ex. A, at 5. Further, Third-Party Defendants pulled a select quotation from the case *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, 428 F. Supp. 3d 536, 569 (D. Kan. 2019), and misrepresented that Mr. Jardini's testimony was excluded in its entirety. Mem. at 20. This in fact is not true; Mr. Jardini's opinion was disregarded as to one sole issue but was otherwise followed by the court. *AKH Co., Inc.*, 428 F. Supp. 3d at 563-564. The other case relied heavily upon by Third-Party Defendants, *Lira*, is not instructive in this matter,

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 8**

as discussed in more detail below. The fact remains that Third-Party Defendants cannot, and indeed have not, put forth any evidence discrediting Mr. Jardini's expertise in this area; expertise that will undoubtedly assist the trier of fact in this matter.

> ### B.    702(b): The Testimony Is Based On Sufficient Facts Or Data

> #### 1.    The Redactions In This Case Are Necessary Due To The Nature Of Ongoing Litigation

Being unable to challenge Mr. Jardini's background, expertise, or credibility as it applies to the circumstances in this matter, the Third-Party Defendants attempt to challenge the way in which he has characterized his review of the record in an attempt to discredit his analysis.  Mem. at 11. However, Mr. Jardini's analysis and proposed testimony easily meet Rule 702(b)'s requirement that they be based on sufficient facts or data.

"A party seeking fees may redact certain portions of the relevant time entries when doing so 'is necessary to protect the attorney client privilege,' so long as the unredacted portions 'still afford the Court sufficient detail to determine the reasonableness of the hours requested.'" *Shame on You Prods., Inc. v. Banks*, No. CV1403512MMMJCX, 2016 WL 5929245, at *16 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Giganews, Inc*., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *25 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017)); *see also Allen v. Ghoulish*, Civil No. 06-cv-371-NLS, 2008 WL 474394, *8 (S.D. Cal. Feb. 19, 2008) (instructing a party to file billing records and to redact them "so as to remove all information that is protected by the attorney-client and work-product privileges").

"For example, a time entry need not specify the precise purpose of a conversation or the topics discussed." *Shame on You Prods., Inc.*, 2016 WL 5929245, at *16. "Likewise, if counsel billed time for research, the records need not specify the topic of the research, as doing so may threaten revelation of information protected by the attorney work-product privilege." *Id.*

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 9**

By way of example, the Ninth Circuit has said that "'Counsel call to discuss [REDACTED]' and 'Research Supreme Court case law involving [REDACTED]' … do not impair the ability of the court to judge whether the work was an appropriate basis for fees." *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). The Ninth Circuit explained that a litigant "is entitled for good reason to considerable secrecy about what went on between client and counsel, and among counsel … the redactions quoted preserve secrecy about something the [litigant's] lawyers talked about, and some issue of … the law they researched. [They are] entitled to keep this 'work product' secret." *Id.*

In this case, the redactions on the invoices were necessary due to the nature of the ongoing litigation and to preserve attorney client privilege and work product protections. Mr. Jardini addresses the redactions, and the reasons therefore, in his Report. As he states, "redactions are commonly used in ongoing cases to protect attorney-client privilege and work product concerns." Dkt. 337-22, Ex. A, at 6. He goes on to state that "[r]eviewing redacted invoices is expected in active litigation or where trade secrets and confidential information should not be disclosed. There are sufficient non-redacted entries, and disclosed portions of redacted entries, to determine the work performed … the redaction of entries did not materially affect my review of the invoices." *Id.*

It is notable to Simplot that the Third-Party Defendants take issue with the redactions when they have previously argued that Simplot waived its attorney-client privilege based on alleged disclosures. Specifically, McCain previously moved to compel Simplot to disclose all documents and communications related to the '540 patent, and the Third-Party Defendants joined that motion. Dkt. 165, 173. Third-Party Defendants argued that Simplot's select disclosure of documents previously withheld under a common-interest privilege with third-party defendants was a full-

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 10**

blown subject matter waiver of Simplot's attorney-client privilege. They argued that Simplot's alleged privilege waiver extended to all documents and communications related to '540 patent, and that Simplot should be compelled to produce all documents and communications related to the '540 patent. Dkt. 253 (citing Dkt. 173, at 5). This Court held that Simplot did not waive its attorney-client privilege relating to the '540 patent and denied McCain and Third-Party Defendants' motion to compel. Dkt. 253, at p 15.

Nevertheless, this prior attempt by Third-Party Defendants to find that Simplot waived its privilege protections caused Simplot to take a more conservative approach in redacting the invoices since these invoices involve this present ongoing litigation. Third-Party Defendants cannot feign shock at the redacted invoices given their prior motion to compel based on disclosure.

Further, the Third-Party Defendants have put forth no expert to opine that the redactions were excessive. Instead, the Third-Party Defendants rely on their own conclusory assertions to the same. Mem. at 11-13. In support of their argument, the Third-Party Defendants cite a declaration from Mr. Jardini involving a 2010 case wherein Mr. Jardini served as an expert witness in a case involving redacted fee invoices, *Lira v. Director of Corrections*, No. 3:00-cv-C-00-0905-SI (N.D. Cal. Jan. 19, 2010). *Id.* However, Mr. Jardini's declaration in *Lira* does not support the Third-Party Defendants' arguments.

As an initial matter, the Third-Party Defendants mischaracterize Mr. Jardini's testimony in that case. Mem. at 12. In the *Lira* case, Mr. Jardini's report stated that "where excessive redactions are used **and** where a seemingly inappropriate and random method of redaction is applied" he could not evaluate the reasonableness of billing in that matter. Dkt. 376-2, Ex. D. at 13. Here, the redactions are neither excessive nor are they inappropriate or random. Instead, the redactions are necessary to protect Simplot's attorney-client privilege and work product protections. This is

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 11**

especially the case where Third-Party Defendants have previously attempted to render Simplot's privilege waived. That Mr. Jardini found invoices to be too redacted in one case involving entirely different facts and different procedural setting does not render his opinion on subsequently redacted invoices in a different case unsupported. Instead, as Mr. Jardini states, redactions should be examined to determine if the redactions are significant and impinge the reasonableness inquiry. *Id.* The *Lira* case and this case involve different facts and procedural histories, and Mr. Jardini is entitled to reach different conclusions in each case. What may be excessive in one case may be entirely appropriate in another. *Id.*

In any event, any alleged shortcomings of the Report put forth by the Third-Party Defendants go to the weight of Mr. Jardini's testimony, not its admissibility. As this Court has said, "the district court is not tasked with deciding whether the expert is right or wrong, just whether his or her testimony has substance such that it would be helpful to a jury." *United States v. Idaho Cty. Light & Power Coop. Ass'n, Inc.*, No. 3:17-CV-00391-CWD, 2020 WL 603478, at *6 (D. Idaho Feb. 7, 2020) (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013)). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* (quoting *Alaska Rent-A-Car, Inc.*, 738 F.3d at 969). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. … The trial court should not make credibility determinations that are reserved for the jury." *Id.* (citing *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014)).

In this matter, Mr. Jardini was retained to use his expertise in analyzing fee invoices and to review the record and provide opinions as to whether the relevant evidence shows that the attorney fees and costs incurred by Simplot are reasonable. He has taken a careful approach to the

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 12**

review of the numerous documents in the record, drawing on all of his professional experience in analyzing the reasonableness of the fees and costs in this case. Mr. Jardini also relied on other extensive documentation in performing his analysis. He reviewed the invoices, time spent, descriptions, etc., and explained how the fees are reasonable in this case. As discussed more fully in section 3 below, Mr. Jardini's testimony is reliable, and exclusion is not proper in this case.

### 2.      Third Party Defendants' Analysis of the Expert Fees is Misplaced

The Third-Party Defendants argue at length that Mr. Jardini's opinion regarding the fees charged by Intensity, LLC lack factual support because, they allege, Mr. Jardini did not review Intensity's invoices. Mem. at 6-7. This argument is misplaced.

As an initial matter, Mr. Jardini was not offered to testify about the reasonableness of other expert's fees or costs.  He has offered no opinions about whether the damages analysis performed by Intensity is reasonable.  Second, as Third-Party Defendants acknowledge, Mr. Jardini consulted with Brook Bond, Simplot's counsel, regarding the work Intensity completed for Simplot. Mem. at 7. Expert testimony does not have to be based on personal knowledge. *See* FED. R. EVID. 602; FED. R. EVID. 703. Expert testimony may be based on facts "that the expert has been made aware of." FED. R. EVID. 703. Likewise, experts can base their opinions on inadmissible evidence such as hearsay. *Swope v. Oneida Sch. Dist. No. 351*, No. 4:17-CV-00113-DCN, 2019 WL 1781405, at *4 (D. Idaho Apr. 23, 2019). Accordingly, Third-Party Defendants' arguments about Intensity's fees and the admissibility of Mr. Jardini's testimony related thereto are improper.

### C.      702(c) and (d): The Testimony Is The Product Of Reliable Principles And Methods; And The Expert Has Reliably Applied The Principles And Methods To The Facts Of The Case

Third-Party Defendants argue that Mr. Jardini's testimony is not reliable primarily because they believe his methodology is different than in prior cases where he found invoices to be too heavily redacted and because they allege he did not properly differentiate between Simplot's

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 13**

billing codes. *See* Mem. at 9-19. However, he has established his methodology of reviewing the pertinent records supporting the attorney fees incurred by Simplot and explained how he applied the methods and applied it to his field of expertise.  This methodology is an accepted process under *Daubert.*

Under Rule 703, "[a]n expert may base his opinion at trial on inadmissible facts and data of a type reasonably relied upon by experts in the field." *United States v. Gonzales*, 307 F.3d 906, 910 (9th Cir. 2002). Courts have often allowed accountants, financial experts, and auditors to rely on financial reports and related documents when the relevant data is reliable.  *Precision Seed Cleaners v. Country Mut. Ins. Co.*, No. 03:10-cv-01023-HZ, 2013 U.S. Dist. LEXIS 33116, at *17-19 (D. Or. Mar. 11, 2013).

As *Daubert* itself cautioned, its guidelines do not constitute "a definitive checklist or test." In fact, the Court recognized that "[m]any factors will bear on the inquiry" of whether the reasoning or methodology underlying the testimony is valid.  509 U.S. at 592-94. Expert testimony that is primarily experiential in nature instead of scientific requires different reliability considerations, generally on the basis of experience – how one's experience leads to the conclusions reached, why the experience is a sufficient basis for an opinion, and how that experience is reliably applied to the facts.  *Hoang v. Rosen*, Civil Action No. DKC 12-3184, 2013 U.S. Dist. LEXIS 127759, at *32-37 (D. Md. Sep. 6, 2013) (citing Rule 702, Advisory Committee Notes).

Here, there can be no doubt that Mr. Jardini, an attorney with 44 years of experience, who has reviewed thousands of attorney fee audits and served as an expert on more than 300 cases, is sufficiently qualified to review attorney fee documents and related materials to determine whether the attorney fees are reasonable. Third-Party Defendants make much of the fact that they have

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 14**

located approximately 5 cases (out of the more than 300 in which Mr. Jardini has served as an expert) that show Mr. Jardini's testimony as allegedly being criticized or disregarded, which as noted is not true. Mem. at 19-20. And, in any event, that an expert's testimony is not followed in a separate case with separate facts does not bar their testimony in the present matter. The five cases identified by Third-Party Defendants account for less than 2% of the matters on which Mr. Jardini worked as an expert. Third-Party Defendants' attempts to discredit Mr. Jardini on that basis are unavailing.

The Third-Party Defendants also contend that Mr. Jardini did not properly distinguish between the ongoing cases between the parties when determining that fees were reasonable. Mem. at 15. They claim that "Simplot has not made these other invoices available" and also contend, with no citation, that "Mr. Jardini has not reviewed them either." *Id.* As to the first point, again, Simplot is entitled to attorney-client privilege and its work product protections. Nothing under Rule 702 requires Simplot to turn over to Third-Party Defendants its unredacted invoices. Further, Mr. Jardini *has* reviewed Simplot's invoices, which are attached at the end of his report.

The Third-Party Defendants then cite to *Finjan, Inc. v. Juniper Network, Inc.*, No. 3:17-CV-05659-WHA, 2021 WL 3674101, at *1 (N.D. Cal. May 20, 2021), *report and recommendation adopted sub nom., Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659-WHA, 2021 WL 3140716 (N.D. Cal. July 26, 2021). Mem. at 14. *Juniper* does not render Mr. Jardini's Report inadmissible.

In *Juniper*, litigation involved numerous patents, but fees were only awarded for work done on two patents. *Id.* Subsequently, there was a dispute as to whether time was properly allocated between the patents that were involved in litigation. *Id.* at *2. Specifically, although Juniper culled its billing to remove improper entries directed at patents for which fees were not awarded, it did

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 15**

not make percentage allocations for overarching work that was not attributable to any patent on its face, such as depositions and discovery, relating to the patent litigation as a whole. *Id.* at *8. The court determined the proper way to allocate the overarching work was to issue a percentage of those fees as they related to the two patents at issue. *Id.* at *9.

Third-Party Defendants contend Simplot did not separate its billing, and that Mr. Jardini did not issue any percentage apportionments. Mem. at 14-15. These arguments are unavailing. As an initial matter, Simplot *did* separate its billing. It separated fees and costs related to the design patents infringement disputes from the fees and costs related to the utility patents infringement dispute.  Declaration of Vid Mohan-Ram (Dkt. 337-8) at ¶ 10.  It separated fees and costs related to enforcing the duties to defend and indemnity Simplot against the Third-Party Defendants. *Id*.  It separated the fees and costs associated with the related Canadian and German actions.  That Third-Party Defendants allege they have found a small number of entries which they argue were mis-categorized does not operate to wholly undermine the separation of billing in this matter and in fact is just their opinion. *See* Mem. at 15-16. Indeed, Mr. Jardini found in his Report that there was no indication of systemic billing problems. Dkt. 337-22, Ex. A, at 15. Further, Mr. Jardini was not required to issue percentage allocations and his decision not to do so does not render his opinion inadmissible. The fact that one case, *Finjan*, used that methodology to determine reasonable fees is not a binding methodology that applies to all experts following that case. And, again, these arguments go to the weight of Mr. Jardini's opinion, not its admissibility. *See Alaska Rent-A-Car, Inc.*, 738 F.3d at 969-70 ("the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable").

In sum, Mr. Jardini's proposed testimony meets Rule 702(c)'s and (d)'s requirements that it be based on the application of reliable principles and methods including the *Kerr* factors

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 16**

established by the Ninth Circuit and utilized by this Court to assess the reasonableness of fees. Dkt. 337-22, Ex. A, at 19; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, 2019 WL 5873455, at *3 (D. Idaho Jan. 2, 2019). Mr. Jardini's analysis, principles, and methods, including application of the *Kerr* factors, are explained at length in his Report and are too voluminous to be repeated here.  In summary, he reviewed the invoices of Simplot's attorneys, analyzed the reasonableness of the same, discussed why the complexity of this case supported the same, expressly stated there were not systemic billing problems, and indeed confirmed that Simplot's attorneys segregated billing between the matters appropriately. Dkt. 337-22, Ex. A., at 12-22.

If Third-Party Defendants seek to challenge Mr. Jardini's conclusions and methodologies, the proper avenue to do so is through cross-examination. As this Court has said, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *United States v. Babichenko*, No. 1:18-CR-00258-BLW, 2021 WL 780902, at *3 (D. Idaho Mar. 1, 2021) (quoting *United States v. Wells*, 879 F.3d 900, 933 (9th Cir. 2018)). "Challenges going to the weight of the evidence and credibility determinations are reserved for the finder of fact." *Id.* (citing *City of Pomona*, 750 F.3d at 1044).   Third-Party Defendants are not entitled to exclude Mr. Jardini's testimony as they have established no basis for the same.

IV. **THIS COURT CAN PERFORM AN *IN CAMERA* REVIEW OF THE UNREDACTED INVOICES OR, ALTERNATIVELY, SIMPLOT WOULD BE AMENABLE TO A CONFIDENTIAL DAMAGES PROCEEDING**

As noted above, Simplot has serious concerns about producing unredacted fee invoices to Third-Party Defendants, given their prior attempts to work with McCain to argue that Simplot waived its attorney-client privilege and work product protections. However, Simplot is willing to make its unredacted fee invoices available to this Court to review *in camera* if the Court deems it

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 17**

necessary. The Supreme Court "has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection." *United States v. Zolin*, 491 U.S. 554, 568-69 (1989).

Indeed, the Ninth Circuit has stated that *in camera* review does not deprive the opposing party of its due process rights when it is "only to verify that those disclosed 'documents accurately reflected the pertinent information contained in the privileged billing records' …." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 545 (9th Cir. 2016) (quoting *United States v. Eyraud*, 809 F.3d 462, 471 (9th Cir. 2015)). In *Eyraud*, "[t]he court then confirmed that the summaries relating to work and time spent that had been extracted from the privileged material were accurate, i.e., 'simply corroborative of what counsel already had seen.'" *Id.* (quoting *Eyraud*, 809 F.3d at 471). The Ninth Circuit stated that, "[w]ith the accurate summaries in hand, we held that *Eyraud* was 'able to challenge the legal basis for the court's order.'" *Yamada*, 825 F.3d at 545 (quoting *Eyraud*, 809 F.3d at 471). Simplot suggests that, if this Court deems it necessary, it conduct an *in camera* review of the unredacted fee invoices.

Alternatively, or in addition if the Court deems it necessary, Simplot would be willing to engage in a confidential damages proceeding wherein certain unredacted material would be provided to Third-Party Defendants, provided that it was stipulated to that such disclosure was not a waiver of any privilege or work product protection and that the material and information would not be disclosed to McCain.

## CONCLUSION

In sum, Third-Party Defendants have not set forth a basis to exclude Mr. Jardini's testimony or Report. His opinion is based on sound methodologies that are appropriate under Rule 702 and corresponding case law. Third-Party Defendants' arguments are properly raised on

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 18**

cross-examination of Mr. Jardini; they do not support exclusion of his testimony. Simplot respectfully requests that the Court deny Third-Party Defendants' Motion in its entirety.

DATED THIS 23rd day of February, 2022.

PARSONS BEHLE & LATIMER

By */s/ Dana M. Herberholz*
    Dana M. Herberholz
    Christopher Cuneo
    Brook B. Bond
    Jordan L. Stott
    Margaret N. McGann

GIBSON, DUNN & CRUTCHER LLP
    Brian M. Buroker
    Vladimir J. Semendyai

Attorneys for J.R. Simplot Company

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 19**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of February, 2022, I electronically filed the within and foregoing instrument with the Clerk of the Court using the CM/ECF system, which caused the following parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Meredith M. Wilkes, Attorney for McCain
mwilkes@jonesday.com

John C. Evans, Attorney for McCain
jcevans@jonesday.com

John A. Marlott, Attorney for McCain
jamarlott@jonesday.com

Joshua R. Nightingale, Attorney for McCain
jrnightingale@jonesday.com

David B. Cochran, Attorney for McCain
dcochran@jonesday.com

Michael G. Brady, Attorney for McCain
mbrady@eberle.com

Susan M. Gerber, Attorney for McCain
smgerber@jonesday.com

Bradley J. Dixon, Attorney for Third-Party Defendants
bradleydixon@givenspursley.com

Kersti H. Kennedy, Attorney for Third-Party Defendants
kerstikennedy@givenspursley.com

Kenneth J. Sheehan, Attorney for Third-Party Defendants
ksheehan@bakerlaw.com

Christina J. Moser, Attorney for Third-Party Defendants
cmoser@bakerlaw.com

Nikki L. Sanford, Attorney for Third-Party Defendants
nsanford@bakerlaw.com

Charles C. Carson, Attorney for Third-Party Defendants
ccarson@bakerlaw.com

Phillip D. Wolfe, Attorney for Third-Party Defendants
pwolfe@bakerlaw.com

Leslie McCall Grossberg, Attorney for Third-Party Defendants
lgrossberg@bakerlaw.com

*/s/ Dana M. Herberholz*
Dana M. Herberholz

**RESPONSE TO MOTION IN LIMINE REGARDING ANDRÉ JARDINI - 20**