Bradley J. Dixon (ISB No. 6167)
Kersti H. Kennedy (ISB No. 9064)
Givens Pursley LLP
601 West Bannock Street
PO Box 2720
Boise, ID  83702
Phone: (208) 388-1200
Fax: (208) 388-1300
bradleydixon@givenspursley.com
kerstikennedy@givenspursley.com

Kenneth J. Sheehan (admitted *pro hac vice*)
Charles C. Carson (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: (202) 861-1575
ksheehan@bakerlaw.com
ccarson@bakerlaw.com

Lesley M. Grossberg (admitted *pro hac vice*)
Phillip D. Wolfe (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Phone: (215) 568-3100
lgrossberg@bakerlaw.com
pwolfe@bakerlaw.com

*Attorneys for Third-Party Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>                         Plaintiff,<br><br>v.<br><br>McCAIN FOODS USA, INC.,<br><br>                         Defendant. | Civil Action No. 1:16-cv-00449<br><br>**THIRD PARTY DEFENDANT ELEA VERTRIEBS- UND-VERMARKTUNGSGESELLSCHAFT, MBH'S OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 337)** |

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

McCAIN FOODS LIMITED,

              Plaintiff,

v.

J.R. SIMPLOT COMPANY,

              Defendant.

J.R. SIMPLOT COMPANY,

              Third-Party Plaintiff,

v.

ELEA VERTRIEBS- UND-
VERMARKTUNGSGESELLSCHAFT, MBH
and FOOD PHYSICS LLC,

              Third-Party Defendants.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  LEGAL STANDARDS ....................................................................................... 4

    A.   Standards for Summary Judgment. ............................................................ 4

    B.   The Court Must Apply German Law as Provided by the Contract. ........................ 4

    C.   Salient Provisions of German Contract Law. ............................................. 7

III. SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S FIRST AFFIRMATIVE DEFENSE ........................................................................ 9

    A.   Simplot Forfeited its Rights to Enforce Clause 17 Because it Failed to Provide Prompt Notice. ............................................................................. 11

    B.   German Law and Idaho Law Recognize That Contract Terms may be Waived or Rendered Unenforceable by an Obligee's Conduct or Failure to Act. ........................................................................................................ 13

    C.   Material Facts Preclude Summary Judgment Against Elea on its First Affirmative Defense ................................................................................. 14

        1.   Evidence shows that Simplot knowingly and intentionally elected to waive its right to seek indemnification ....................................... 14

        2.   There is sufficient evidence to conclude that Elea relied on Simplot's assurances to its detriment. .................................................. 19

        3.   Elea's First Affirmative Defense applies to all of Simplot's claims, including demands for indemnification, defense and that Elea obtain a license ............................................................................... 20

        4.   Elea's defenses are not barred by the Purchase Contract ........................ 21

IV.  SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S SECOND AFFIRMATIVE DEFENSE ............................................................... 25

    A.   Section 442 of the German Civil Code (BGB) Bars Simplot's Claims Due to "Knowledge of the Defect." ............................................................... 25

    B.   The Grossly Disproportionate Nature of Simplot's Claims and Simplot's Actions Excuse Elea from Performance Under German Law. .......................... 32

V.   SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S THIRD AFFIRMATIVE DEFENSE ................................................................... 33

VI.     SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S FOURTH AFFIRMATIVE DEFENSE ............................................................................... 35

VII.    SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF DEFENDING SIMPLOT .............................................................................................. 36

VIII.   SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF ELEA'S PURPORTED DUTY TO OBTAIN A LICENSE ..................................... 37

IX.    CONCLUSION.................................................................................................................... 38

**TABLE OF CONTENTS - ii**

<u>**TABLE OF AUTHORITIES**</u>

<u>**Page(s)**</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...................................................................................................... 4

*DBSI Signature Place, LLC v. BL Greensboro, LP*,
    No. CV 1:05-cv-00051-S-LMB, 2006 WL 1275394 (D. Idaho May 9, 2006) ...................................... 6

*de Fontbrune v. Wofsy*,
    838 F.3d 992 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Nov.
    14, 2016) ........................................................................................................................ 5

*G & G Prods. LLC v. Rusic*,
    902 F.3d 940 (9th Cir. 2018) ................................................................................. 5, 6

*Leslie v. Grupo ICA*,
    198 F.3d 1152 (9th Cir. 1999) ..................................................................................... 4

*Simplot Livestock Co. v. Sutfin*,
    No. 1:18-CV-0086-EJL-CWD, 2018 WL 4259229 (D. Idaho Sept. 6, 2018) ................................. 5, 6

*United States v. Westinghouse Elec. Corp.*,
    648 F.2d 642 (9th Cir. 1981) ....................................................................................... 5

**Statutes**

35 U.S.C. § 112(5) ............................................................................................................ 35

BGB § 242 .................................................................................................................... 8, 13

BGB § 252 ........................................................................................................................ 36

BGB § 254 .................................................................................................................. 33, 36

BGB § 275 ............................................................................................................. 20, 32, 36

BGB § 280, subsection (1) ............................................................................................... 20

BGB § 305-310 ................................................................................................................. 10

BGB § 305c ....................................................................................................................... 37

BGB § 442 ................................................................................................................. *passim*

HGB § 377 ................................................................................................................. 11, 26

Idaho Code § 28-1-301(a) .................................................................................................. 6

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2444 (3d ed. 2008)............................................................................................................................... 6

**TABLE OF AUTHORITIES - ii**

## I.   INTRODUCTION

Third-Party Defendant Elea Vertriebs-Und-Vermarktungsgesellschaft, MBH ("Elea") respectfully opposes the Renewed Motion for Partial Summary Judgment by Third Party Plaintiff J. R. Simplot Company ("Simplot") against Elea. (Dkt. 337.)

Simplot has moved for partial summary judgment on its cross-claim against Elea for breach of contract relating to: (1) Elea's alleged obligations to defend Simplot, and (2) Elea's alleged obligations to obtain a license for Simplot, both obligations premised on a January 21, 2013 Equipment Furnish Only Purchase Contract between Simplot and Elea (the "2013 Purchase Contract"). Simplot's renewed motion also seeks summary judgment on each of Elea's four affirmative defenses. The motion should be denied for several reasons.

*First*, Simplot's renewed motion ignores material facts that support Elea's affirmative defenses. In particular, Simplot ignores its own statements, including written correspondence and the deposition testimony of its employees, showing ███████████████████████ ███████████████████████████████████████. Similarly, Simplot asks the Court to ignore the assurances made by Simplot representatives, including its in-house and litigation counsel, that Simplot would defend itself and would not seek to enforce its contractual rights. These facts are material to determining whether Simplot waived or is estopped from enforcing Elea's obligations under the 2013 Purchase Contract under German law, the law governing that contract. Simplot contends that these representations must be ignored because they are not in a written agreement—but Simplot's first action upon being sued was to ███████████ ████████████████████████,[1] and German law does not require such representations to be in writing.

---

[1] *See infra* at 23 n.56.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 1**

*Second*, Simplot's motion mischaracterizes Elea's defenses. Simplot incorrectly argues that Elea has limited its waiver and estoppel defenses to indemnification, not to the alleged obligations to defend Simplot or obtain a license. (Dkt. 342, Memorandum in Support of Simplot's Renewed Motion for Partial Summary Judgment Against Elea ("Simplot Br.") at 16.) Simplot's reading of Elea's defenses is contrary to the language of the defenses themselves, the language of the 2013 Purchase Contract, and Elea's discovery responses. As pleaded clearly in Elea's Answer and explained in detail in Elea's Interrogatory Responses, Simplot's *claims* are barred in their entirety.

*Third*, even though the 2013 Purchase Contract unequivocally provides that it is governed by German law, Simplot contends that Idaho law should apply. (Simplot Br. at 4.) This contention is based on Simplot's incorrect argument that Elea must demonstrate that German law differs from Idaho law, and disregards the fact that Elea has submitted substantial record evidence on this point through its expert on German law. Similarly, Simplot's contention that it is entitled to judgment as a matter of law on each of Elea's affirmative defenses is based on both an incorrect reading of German law and a conscious decision to ignore the facts that do not support Simplot's arguments.

*Fourth*, although Simplot moves for summary judgment that Elea failed to obtain a license, Simplot admits that Elea's Answer alleges that McCain's claims against Simplot are barred because Elea has an implied license to the '540 patent. (Simplot Br. at 9.) Nevertheless, Simplot incorrectly and nonsensically alleges Elea failed to assert the defense against McCain directly, without explaining what it contends Elea failed to do at this stage of the case. (*Id*.) To the contrary,

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 2**

Third-Party Defendants moved for summary judgment against McCain on the issues of implied license and estoppel.[2]

Simplot seeks to "poison the well" by casting Elea as a bad actor. Simplot faults Elea for defending itself against Simplot and purportedly taking positions adverse to Simplot, even though (1) Simplot brought suit against Elea, (2) Elea repeatedly warned Simplot before it entered the case that it might be forced to take positions adverse to Simplot's interests if the indemnity issues were litigated in the same case as McCain's claims, and (3) Simplot opposed the motion to sever and stay the indemnity claims that Elea filed to protect both its own interests and those of Simplot. That Simplot and Elea are currently adverse in this lawsuit is solely the consequence of Simplot's own decisions and is a fact material to the determination of Elea's obligations under the 2013 Purchase Contract.

Simplot's attempt to portray itself as an innocent party duped into buying Pulsed Electric Field ("PEF") devices by Deutsches Institut für Lebensmitteltechnik e.V ("DIL") and/or Elea is contrary to the evidence, including Simplot's own correspondence. Simplot made the conscious decision that the benefits of using PEF outweighed the risk of a finding of infringement and an adverse judgment. Simplot fails to acknowledge the undisputed facts showing it entered the contract to purchase the devices ███████████████████████

███████████████████████████████

███████████. Moreover, there is no dispute that even after it was sued by McCain, and even after it received adverse rulings at the PTAB and in this Court that cast further doubts on the

---

[2] Dkt. 364, Third-Party Defendants' Motion for Summary Judgment Against McCain Foods Limited.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 3**

viability of its defenses, Simplot continued using the PEF equipment and reaping the profits associated with its use.

Indeed, Simplot continued procuring additional PEF devices after being accused of infringement, and did so by repeatedly assuring Elea and Food Physics that Simplot would defend itself and falsely representing that it would not seek to enforce the indemnification provisions of the contract against them. Through this subterfuge, Simplot succeeded in obtaining an additional PEF device for its facility in Moses Lake, Washington. Elea and Food Physics would never have sold the device to Simplot had they known that, upon delivery, Simplot would immediately reverse course and demand indemnification. If proven at trial, the foregoing facts would, under the controlling German law, extinguish Elea's obligation to defend and indemnify Simplot against McCain's claim of infringement of the '540 patent.

For the reasons described above and explained in more detail herein, Simplot's motion for summary judgment should be denied.

## II.    LEGAL STANDARDS

### A.    Standards for Summary Judgment.

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party, and the court must not make credibility findings. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Direct testimony of the non-movant must be believed. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

### B.    The Court Must Apply German Law as Provided by the Contract.

The 2013 Purchase Contract unequivocally provides that it is governed by German law.[3] Simplot acknowledges this: "the Purchase Contract includes a choice-of-law clause purporting to

---

[3] Dkt. 336, Sheehan Decl., Ex. 40, 2013 Purchase Contract at ¶ 29.2.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 4**

apply German law to interpret the agreement," and this fact is not in dispute. (Simplot Br. at 4.)

Simplot contends, however, that Idaho law should instead be applied, and argues that Elea bears

the burden of establishing "that German substantive law governing claims for breach of contract

is materially different than, or conflicts with, Idaho law." (*Id.*)

First, Simplot misstates the law. In *de Fontbrune v. Wofsy*, the Ninth Circuit addressed the

presentation of foreign law under Federal Rule of Civil Procedure 44.1:

> Imposing a burden of proof on the parties is at odds with the mandate of Rule 44.1.
> To be sure, under Rule 44.1, a party raising a foreign law issue "must give notice
> by pleading on other writings." But this notice is not tantamount to a burden of
> proof.

838 F.3d 992, 998 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Nov. 14,

2016). Thus, there is no burden on the party advocating for the application of foreign law to prove

it is different than forum law.

As clarified in *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018), cited by

Simplot, a party can waive inadequately presented issues of foreign law. But *G & G Prods*. is

inapposite. In *G & G Prods*., the district court applied the statute of limitations under Italian law

to the plaintiff's tort claims on summary judgment, relying on the declaration of the defendant's

Italian law expert. *Id*. at 944-45. On appeal, the plaintiff sought to introduce entirely new legal

theories and evidence shortly before oral argument, including a declaration from the plaintiff's

father, untranslated excerpts of Italian law, and the *pro hac vice* appearance of an Italian attorney.

*Id*. at 945-46. Ultimately, the Ninth Circuit found the new issues to have been waived. *Id*. at 949-

51. The court stated that failure to raise foreign legal issues is an acquiescence to forum law. *Id*.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5**

at 950-51.  *G &G Prods*. did not create a burden on the party advocating application of foreign law to prove that the foreign law is different, as Simplot contends.[4]

Elea has not acquiesced to the application of Idaho law nor waived its rights under German law.  Elea placed Simplot on notice in its Answer and interrogatory responses that it intended to rely on German law, and Simplot is contractually obligated to see that German law is applied.[5] Rule 44.1 anticipates cooperation amongst the parties and court:

> Rule 44.1's requirements are intended to be "flexible and informal" so as to "encourage the court and counsel to regard the determination of foreign law as a cooperative venture requiring an open and unstructured dialogue among all concerned." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2444 (3d ed. 2008).

*G & G Prods*., 902 F.3d at 950.  The expert reports of Elea's German law expert, Professor Dr. Wolfgang Ernst, thoroughly explore the applicable German legal principles, including many that were ignored by Simplot's expert.[6]  Notably, Simplot has not challenged Professor Ernst's qualifications or sought to limit the Court's consideration of his expert opinions.

Idaho Code § 28-1-301(a) provides that parties to commercial transactions have the power to choose the applicable law governing their transaction, and Idaho enforces contractual choice of law provisions.  *See DBSI Signature Place, LLC v. BL Greensboro, LP*, No. CV 1:05-cv-00051-

---

[4] The other cases Simplot cited for this proposition are also unavailing.  In *United States v. Westinghouse Elec. Corp*., 648 F.2d 642, 647 n.1 (9th Cir. 1981), the court simply noted in passing that the United States had not argued that foreign law governing licensing of those patents diverged from U.S. law.  *Id*. at 647.  Simplot's citation to an earlier case in which it was involved, *Simplot Livestock Co. v. Sutfin*, No. 1:18-CV-0086-EJL-CWD, 2018 WL 4259229, at *5 (D. Idaho Sept. 6, 2018), is similarly unavailing.  That case addressed a motion to dismiss on the pleadings, and the court noted that because the California defendants did not argue for application of California law and in fact cited Idaho substantive law, the court would apply Idaho law "unless and until the parties demonstrate that there is a conflict of law present and a choice of law decision for the Court to make." *Id*.

[5] Dkt. 128 at 10-12; 2013 Purchase Contract at ¶ 29.2.

[6] Dkt. 228, Preliminary Ernst Rep.; Sheehan Decl., Ex. 59, Opening Ernst Rep. ("Ernst Rep."); Dkt. 298, Ernst Reply Rep.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 6**

S-LMB, 2006 WL 1275394, *6 (D. Idaho May 9, 2006). Moreover, as noted below, Simplot's asserted presumption that Idaho and German law are the same is incorrect. (Simplot Br. at 4.) German law has several statutory provisions governing commercial contracts that do not have clear counterparts in Idaho law. As will be discussed below, German law contains an automatic exclusion of recovery for defects known at the time of contracting, and this law does not appear to have a similar counterpart in Idaho law.

###### C.      Salient Provisions of German Contract Law.

The German substantive law governing the interpretation of the 2013 Purchase Contract is provided in the German Civil Code ("BGB") and German Commercial Code ("HGB") (hereinafter collectively "German Law"). Ernst Rep. ¶¶ 12-26.

Under German Law, sales contracts do not need to be in writing, but the terms of a written agreement are generally presumed to control over oral agreements. *Id.* ¶ 28. Regarding written agreements, German Law treats individually negotiated terms differently from "standard business terms," even when both types of terms are in the same agreement. *Id.* ¶ 31-32. A standard business term under German law is any term or clause that the drafter intends to use in more than two contracts. *Id.* ¶¶ 33-34. They are also subject to a special judicial review that affords such terms considerably less deference than individually negotiated terms, whether written or oral. *Id.* ¶¶ 31-33.

While "agreed-upon form" clauses, *i.e.*, no oral modification clauses, are enforceable under German Law, if the agreed-upon form clause is a "standard business clause," German Law would enforce subsequent oral modifications to the agreement. *Id.* ¶¶ 32, 50-51. In order to prevent parties from overriding such agreed-upon form clauses, German Law requires that a contract provision providing for no oral modification must separately provide that the agreed upon form

clause cannot itself be orally modified, *i.e.*, a "double in writing" clause is needed. Ernst Rep. ¶ 52. Clause 29.5 of the 2013 Purchase Contract is a standard business clause and does not have a double writing affirmation clause. *Id.* ¶¶ 54-55.

Related to the foregoing, under German Law an individual with apparent authority can bind a principal. *Id.* ¶¶ 46-47. Thus, a separately negotiated modification to a contract, with an individual having apparent authority, binds the principal, even where a standard business clause like Clause 13 of the 2013 Purchase Contract purports to limit the persons authorized to act on the principal's behalf. *Id.* ¶¶ 46-48.

Under German Law, a buyer is required to provide prompt notice of a "defect" in the purchased goods or will forfeit all remedies against seller and seller ancillary duties without the ability to reinstate those. *Id.* ¶¶ 78, 91. Patent infringement claims fall within the definition of "defect" under German Law. *See id.* ¶¶ 77, 80-81. German Law specifies that it is not sufficient to merely notify the seller that an infringement claim has been brought. Instead, the buyer must convey to the seller its belief that the infringement claim is a defect, *i.e.*, that there is a legitimate basis for the claim. Ernst Rep. ¶¶ 83-84. The buyer also must demonstrate an intent to enforce the remedies provided under the contract or law relating to that infringement claim. *Id.* Communications from the buyer regarding defects are interpreted as they would be reasonably understood by the seller. *Id.* ¶ 85.

While German Law imposes an obligation on sellers to correct defects, liability for legal defects does not apply where the third-party rights are known by the buyer when the contract is executed. *Id.* ¶ 60. The buyer's mere knowledge of the third-party rights triggers the exclusion, *i.e.*, there is no requirement for the parties to agree on the exclusion. *Id.* ¶¶ 62-64. While the parties to a sales contract can agree to reinstate liability for a known legal defect, because German

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 8**

Law presumes that the seller does not have liability for known legal defects, a standard business clause providing for indemnification and defense will not be interpreted under German Law to reinstate such liability. *Id.* ¶¶ 67, 74.

## III.   SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S FIRST AFFIRMATIVE DEFENSE

Elea's first affirmative defense is that Simplot's breach of contract claim is barred by waiver, forfeiture, laches, estoppel, and failure to give timely notice of demand under Section 242 of the BGB.[7] Clause 17 of the 2013 Purchase Contract, which contains the asserted duty to defend and indemnify that is the basis for Simplot's claim, is a standard business clause of Simplot's. Ernst Rep. ¶¶ 100-101.  The footer of the 2013 Purchase Contract states "Basic Equipment Purchase Contract, CO102411," and Clause 17 ██████████████████████ ██████ and is not tailored to the specific transaction between Simplot and Elea.[8] ████████ ████████████████████████████, and the parties never discussed the '540 patent during the negotiation and execution of the 2013 Purchase Contract.[9]  The person who negotiated the agreement for Simplot, Barry Robinson, testified that the contract (1) ████████████ ███████████████████████████████ ████; (2) ███████████████████████████████; and (3) ███████████████ ███████████████████████.[10]

Simplot's Renewed Motion for Summary Judgment argues that Clause 17 is not a standard business clause under German law, but it invokes American legal principles to support its position

---

[7] Dkt. 128 at 10.
[8] Sheehan Decl., Ex. 40, 2013 Purchase Contract; Sheehan Decl., Ex. 38, Barry Robinson Dep. at 58:22-61:19.
[9] Dkt. 335-3, Speakman Decl., ¶¶ 6-7.
[10] Robinson Dep. at 58:2-64:9, 68:7-70:1.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 9**

(e.g., distinguishing the 2013 Purchase Contract from an "online software agreement, rental car contract, or other boilerplate contract of adhesion"). (Simplot Br. at 18-21.) Viewing the contract through the lens of their German law expert Dr. Thomas Pfeiffer, Simplot contends that Clause 17 could not be a standard business clause because Elea had a chance to negotiate other terms of the Purchase Contract. (Simplot Br. at 19, citing SOF 24-28.) But under German law, the mere *opportunity* to negotiate a contract term is not the test; contract terms are exempt from review as standard business terms only if they are actually individually negotiated, and the fact that some contract clauses may have been the subject of negotiation does not change the finding that the rest of the contract qualifies as standard business terms subject to the special level of judicial review set out in Sections 305-310 of the BGB. Ernst Rep. ¶¶ 31, 39-40. It is undisputed that the parties

███████████████████████████████████████████████

██████████████████████████████████████.[11] Whether Simplot "invited Elea to provide comments and discuss the draft Purchase Contract" or "Elea proposed at least one revision to the draft Purchase Contract, including a revision to the choice-of-law provision," as Simplot emphasizes (Simplot Br. at 19), have absolutely no effect under German law as to whether a particular term, such as Clause 17, that was *not* individually negotiated, is a standard business clause. Ernst Rep. ¶ 42 ("The mere willingness to negotiate a clause that has been pre-formulated is a necessary prerequisite for negotiation, but is insufficient to qualify the clause as 'individually negotiated.'").

Below, Elea discusses the impact of Clause 17 and other clauses of the 2013 Purchase Contract being standard business clauses as they relate to this affirmative defense. In summary, however: (1) the provisions of Clause 17, which sets forth the asserted duties to defend and

---

[11] Robinson Dep. at 63:24-64:9, 68:7-69:7.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 10**

indemnify, would yield to any specific agreement including later modifications agreed upon orally or in writing with personnel having actual or apparent authority; (2) matters of doubt regarding the interpretation of Clause 17 would be resolved against Simplot, such as whether that clause reinstates Elea's obligations in the face of Simplot's knowledge of the infringement risk regarding the '540 patent at the time of entering the 2013 Purchase Contract; (3) Clause 17 would be ineffective if its effect would be so unusual to Elea as a German company that Elea would not expect to encounter such effect (the "surprising clause" defense); and (4) if it is not compatible with BGB 442, the statutory provision from which Clause 17 deviates, it would be presumed to create an unreasonable disadvantage, rendering it ineffective (in other words, standard form provisions that are contrary to the essential principles of German Law will not be enforced).  Ernst Rep. ¶ 101.

### A.   Simplot Forfeited its Rights to Enforce Clause 17 Because it Failed to Provide Prompt Notice.

Simplot's attempt to assert rights more than nine months after McCain asserted the '540 patent results in forfeiture of its claims under German Law because the notice was not timely. Section 377 of the HGB (the German Commercial Code) requires that notice of any objection to a defect in goods supplied under a contract must be promptly provided, typically within a few days of the defect becoming apparent.  Ernst Rep. ¶¶ 86, 89.  Failure to provide prompt notice of a defect results in forfeiture of all remedies and duties, which cannot be reinstated.  *Id.* ¶¶ 78, 91.  A known risk of infringement of a third-party patent is a legal defect that falls under Section 377.  *Id.* ¶¶ 77, 80-83, 87.[12]

---

[12] As Professor Ernst notes, there has only been one German appellate court decision on the question of Section 377 HGB's application to legal defects, and that Court decidedly held that it does apply to such defects. (Ernst Rep. ¶ 80, citing *OLG Düsseldorf* of 4 December 2012). Simplot asserts that this case is an "aberration," but cites no contrary German court decisions to support

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 11**

Merely notifying a seller that someone has raised a patent infringement issue does not rise to the level of proper notice of a defect if the buyer does not evidence some intent to use the contractual remedies, or expresses its own belief that there is in fact no defect. *Id.* ¶¶ 83-85. Importantly, while the buyer's notice need not elect a specific remedy, it must show some willingness to use the rights under the contract. *Id.* ¶ 83.

Simplot's first communication with Elea on February 25, 2017, merely ███████████ ███████████████.[13] Simplot did not contend ████████████████████████████ █████.[14] Indeed, to the contrary, Simplot ████████████████████████████████ ████████████████████████████████.[15] Ernst Rep. ¶¶ 83-84. Moreover, Simplot

████████████████████████████████████████████████████████████

███████.[16] Ernst Rep. ¶ 96.



The absence of such communications, coupled with Simplot's continued use (and continued purchase) of the PEF devices, supported a reasonable belief by Elea that Simplot was

---

that characterization. (Simplot Br. at 26.) Instead, Simplot's argument is predicated on references to German legal commentaries, but, as noted by Professor Ernst, there are commentaries advocating both outcomes and thus Simplot's assertion that this is an outlier case is unavailing. The one case Simplot's expert does cite, *OLG Köln* of 25 March 2014, does not address the question of whether Section 377 HGB applies to legal defects. (Pfeiffer Rebuttal Rep. ¶ 58.) Moreover, Simplot did not provide English translations of the materials on which its expert relied, and therefore its assertions cannot be corroborated. (Simplot Br. at 26; Pfeiffer Rebuttal Rep. ¶¶ 56-58, nn. 29-31.) The Court should disregard Prof. Pfeiffer's opinions on this point for the reasons stated in Third-Party Defendants' Motion to Exclude Expert Testimony and Reports of Thomas Pfeiffer (Dkt. 370). At a minimum, there is a genuine issue of material dispute on this point. Ernst Rep. ¶ 80.

[13] Sheehan Decl., Ex. 9, SIMP_ID_024520 (February 25, 2017 email from V. Mohan-Ram to S. Töpfl).

[14] *Id.*; Speakman Decl., ¶ 18.

[15] Sheehan Decl., Ex. 9.

[16] Töpfl Decl., ¶¶ 30-36 & Ex. R (March 8, 2017 email from Töpfl to Mohan-Ram and Englar ███████████████████████), Ex. S (May 16, 2017 email ██████████████ ███████████████████████); Speakman Decl., ¶¶ 14-20, Exs. E, H, I.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 12**

not going to object to the PEF devices as defective, and that Simplot was willing to accept the PEF equipment as non-defective.[17]  Ernst Rep. ¶ 85.  Simplot's later attempt to assert rights more than nine months later, in November 2017, results in forfeiture of its claims under German Law because the notice was not timely.  Ernst Rep. ¶¶ 78, 86-87, 105, 135.

**B.     German Law and Idaho Law Recognize That Contract Terms may be Waived or Rendered Unenforceable by an Obligee's Conduct or Failure to Act.**

German Law recognizes a loss, release, or waiver of a claim.  Ernst Rep. ¶¶ 115, 117.  A contractual release or waiver can be implicit where representations need not be made expressly.  *Id*.  All that is required is a communication that could in good faith be understood as the "sender's" intention, perceived from the perspective of the party receiving the communication and taking into account the normal conventions of discourse.  *Id.* ¶¶ 117-118.

German Law also recognizes the loss of a right due to self-contradictory conduct.  The concept is based on the provision in the Civil Code which calls for parties to act in good faith: BGB Section 242.  *Id.* ¶ 30.  If a party contradicts earlier statements or behavior with its present conduct, the other party deserves to be protected against the switch from one legal position to an irreconcilably different one.  *Id.* ¶¶ 133-34.

Similarly, BGB section 242 recognizes that rights can be lost for non-use.  *Id.* ¶¶ 135-38.  A party which fails to assert a legal right for an unreasonably long period, only to assert it later, may not be seen as meeting the good faith required by BGB section 242.  Ernst Rep. ¶¶ 135-38.  To find a right or a claim extinguished, it must not have been asserted for sufficient time so that the addressee (the debtor) was led to believe that the right would not be used, and did so with reasonable cause, taking into account the overall conduct of the right-holder.  *Id*.  The

---

[17] Speakman Decl., ¶¶ 14-21; Töpfl Decl., ¶ 39.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 13**

determination of the required time-span of non-use is a matter for the specific case and depends on various factors that can come into play that need to be balanced. Even where an entitled party's conduct comes close to an implicit waiver, but ultimately falls short of the requirements of a waiver, German courts have concluded that it is a small step to find the claim barred by non-use. *Id*. at ¶ 137.

The facts described below support each of the defenses described above, including (1) modification and/or waiver of the right to assert Clause 17 with regards to the '540 patent, (2) contradictory conduct barring Simplot from asserting Clause 17, and (3) loss of the right to assert Clause 17 based on the failure to assert the right and accompanying conduct of Simplot.

### C.    Material Facts Preclude Summary Judgment Against Elea on its First Affirmative Defense

Material facts support Elea's defense that Simplot waived, forfeited, and/or is estopped from asserting any right to enforce the indemnification, license, and defense provisions in Clause 17 of the 2013 Purchase Contract. These facts preclude the grant of summary judgment to Simplot, and warrant granting Elea's affirmative motion for judgment on these issues.

#### 1.    Evidence shows that Simplot knowingly and intentionally elected to waive its right to seek indemnification

Simplot was well aware of the patent indemnification Clause (¶ 17) in the 2013 Agreement when McCain raised its claims. Simplot's internal correspondence on February 24, 2017, regarding the McCain lawsuit specifically identified and quoted Clause 17, stating "… ████████ ████████████████████████████████████████.”[18]

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[18] Sheehan Decl., Ex. 8, SIMP_ID_010108 (February 24, 2017 email from Englar to Curulli).

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 14**



---

[19] Sheehan Decl., Ex. 9 (February 25, 2017 email from Mohan-Ram to Töpfl); Sheehan Decl., Ex. 10 (November 2, 2017 letter from Mohan-Ram to Töpfl).

[20] Töpfl Decl. ¶¶ 29-38, Exs. R, S; Speakman Decl., ¶¶ 14-20, Exs. E, H, I; Sheehan Decl., Exs. 9-10.

[21] *Id.*

[22] *Id.*

[23] Töpfl Decl., ¶¶ 29-34, Exs. T (email regarding ██████████████), V (email regarding ██████████████████████).

[24] Töpfl Decl., ¶¶ 29-38; Speakman Decl., ¶¶ 14-21.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 15**

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████

███████████████████████████████████████
██████████████████████████████[25]

Mr. Herberholz's June 22, 2017, correspondence to Elea's German counsel similarly made clear

that ████████████████████:

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
████████████████████████[26]

Moreover, when the issue of indemnification did come up, Simplot representatives

███████████████████████████████████████

███████████████████████████████████████

███████████████████[27] ██████████████████████

███████████████████████████████████████[28]

███████████████████████████████████

███████████████████████████████[29] ████

███████████████████████████████████████

███████████████████████████████████████

---

[25] Töpfl Decl., ¶ 36, Ex. W (June 21, 2017 email from Mohan-Ram to Töpfl).

[26] Sheehan Decl., Ex. 22, SIMP_ID_113476 (June 22, 2017 email from Herberholz to Blumenroeder) (emphasis added).

[27] Speakman Decl., ¶ 15-16, Ex. F (Speakman's meeting notes). ████████████████████████ ████████████████████████ *See id.*

[28] *Id.*

[29] *Id.*

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 16**



In a subsequent meeting at ██████████████████████████████████████[31]

Similarly, on August 16, 2017, Stefan Töpfl from Elea, and Volker Heinz from DIL, met in Argentina with Mark Currie and other Simplot representatives to discuss the possible use of DIL's technology in a plant being built. During the meeting, Mr. Currie and Dr. Töpfl discussed the lawsuit. Dr. Töpfl briefly discussed the prior art to the patents, and Mr. Currie—who is one of the persons identified as having authority to modify the 2013 Purchase Contract— assured

---

[30] *Id.* ¶ 16.

[31] Speakman Decl., ¶¶ 17-18, Ex. G (Speakman's meeting notes). At this meeting, ████████████ ██████████████████████████████████ Mr. Speakman attended without legal counsel. Simplot has not claimed that it made any demand to indemnification or defense at either of these August 2017 meetings. Presumably, Simplot would not have demanded indemnification or anything beyond technical support during these two August 2017 meetings, because it would have been unethical for Simplot's counsel to meet with a represented party without their counsel present.

[32] Speakman Decl., ¶¶ 17-18, Exs. H, I (August 7, 2017 Herberholz email and meeting agenda).

[33] Speakman Decl., ¶ 18.

[34] *Id.*, Ex. G (Speakman's meeting notes).

[35] *Id.*

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 17**

Dr. Töpfl that Simplot would not seek to enforce the indemnification provision of the contract, but that Simplot wanted him to continue providing technical and scientific support.[36]

Simplot argues that ██████████████████████████████. (Simplot Br. at 16-17; *see* Elea Response to Simplot SOF 32 (disputing that "██████████████████████████ ████████".)  But even one such statement, ██████████████████████████████ ████████████, would be sufficient to establish waiver.  Moreover, Simplot's argument ignores the context of its discussions with Food Physics.  Simplot had asked Elea to █████████████ ███████████████████████████████████████████████████.[37]

Additionally, Simplot's IP counsel stated that ███████████████████████████████ ████████████████████████████████████████████████████████████ ██████"[38]

Simplot had ample motivation in 2017 to waive its rights and avoid a potential conflict that could disrupt its relationship with Elea.  In particular, a month before McCain filed suit, Simplot had entered into a contract with Food Physics, Elea's supplier, to purchase an additional PEF device.[39]  Elea could (and would) have refused to fulfill this contract to supply an additional PEF device to Simplot for use in the United States had Simplot indicated it would seek indemnification from either Food Physics or Elea.[40]  Further, Simplot ███████████████████████████████

---

[36] Töpfl Decl., ¶¶ 29, 33, Ex. Q (Töpfl's meeting notes), Ex. U (February 22, 2017 email from Simplot to Elea requesting information for PEF equipment at new plant in Argentina); Sheehan Decl., Ex. 63, Dkt. 134-2; Töpfl Decl., dated October 31, 2017, at ¶ 6.

[37] Töpfl Decl., ¶ 37.

[38] Sheehan Decl., Ex. 43, Vid Mohan-Ram Dep. at 104:7-19 (stating that Simplot viewed Speakman and Töpfl as "effectively one and the same in terms of knowledge of who knew what" and that it was Simplot's understanding "that Stefan was relaying our Simplot communications to Nick, whether he was Food Physics or a shareholder of Elea").

[39] Speakman Decl., ¶ 12, Ex. D (2017 Equipment Furnish Only Purchase Contract).

[40] Töpfl Decl., ¶ 42.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 18**

████████████████████████████████████████████████.[41]  Simplot's use of PEF devices

provides a significant financial benefit to Simplot.[42]

Simplot's parsing of cherry-picked deposition testimony to the effect that ████████

████████████████████████████████████████ (Simplot Br. at 17, citing

Speakman and Töpfl deposition transcripts) does nothing to support its renewed motion for

summary judgment.  Those misleading and context-less deposition excerpts cannot carry Simplot's

burden at the summary judgment stage in view of the foregoing evidence.

### 2.    There is sufficient evidence to conclude that Elea relied on Simplot's assurances to its detriment

Simplot alleges that Elea cannot establish waiver because it cannot establish any

detrimental reliance.  (Simplot Br. at 18.)  This is plainly wrong.  Simplot's failure to demand

indemnification had several detrimental effects on Elea.  Elea and Food Physics would not have

completed the sale of the PEF device that was the subject of the January 2017 contract between

Simplot and Food Physics if they had known Simplot would request indemnification or defense

related to infringement of the '540 patent.[43]  Elea would have refused to fulfill Food Physics'

purchase order to Elea for the device that Simplot ordered from Food Physics.[44]  Simplot's use of

the additional device increased the damages McCain now seeks from Simplot, and to which Elea

is exposed (in part through its indemnity obligations to Food Physics), as well as the fees that it

---

[41] *Id.* ¶ 33.

[42] Sheehan Decl., Ex. 6, SIMP_ID_004843, Simplot August 2012 report (stating "PEF has the potential to improve cutting yield and quality. The results indicated ~ 80% less breakage and ~15-30% less starch extracted from potato during cutting").

[43] Töpfl Decl., ¶ 42; Speakman Decl., ¶ 23.

[44] *Id.*

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 19**

has incurred in defending this suit, including the fees associated with the defense of Food Physics, and the assumption of the cost of Food Physics' discovery obligations.[45]

Further, Simplot's delay significantly prejudiced Elea's ability to resolve the suit.  By requesting transfer of the McCain claims filed in Illinois to Idaho for the purposes of consolidation (which Simplot then later opposed), Simplot set in motion events which caused McCain's offensive claims against Simplot to be joined in the same lawsuit as Simplot's own claims against McCain, making it even more difficult to resolve McCain's claims related to the '540 patent. While Elea could have made early efforts to settle at least the claims related to the '540 patent, by the time that Simplot demanded indemnification and defense, the matters had escalated in this case and McCain filed a new suit in Canada.  A German court would examine whether the procedural actions taken before Elea had any say in the conduct of the lawsuit (assuming it had any) made it more difficult, or even impossible, to isolate the claim for infringement of the '540 patent for defense and indemnification.  If this were the case, German law would find that Elea's duty to defend had been frustrated and thus ended, according to BGB Section 275, and that no claim for damages could be made, since the creation of these difficulties were not the seller's doing.  *See* BGB Section 280, subsection (1), sentence (2); Ernst Rep. ¶ 113-114.

> **3.    Elea's First Affirmative Defense applies to all of Simplot's claims, including demands for indemnification, defense and that Elea obtain a license**

Simplot contends that Elea and Food Physics only alleged that Simplot waived the right to indemnification, not that Simplot waived the rights to indemnification or defense.  (Simplot Br. at 16.)  That is not correct.  Third-Party Defendants' First Affirmative Defense unequivocally states that "Third Party Plaintiff Simplot's **claims** are barred by the doctrines of waiver, forfeiture, laches

---

[45] Töpfl Decl., ¶ 43.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 20**

and estoppel, and by Simplot's failure to give timely notice of its demand for indemnity."[46]  On its face, Elea's defense clearly states that Simplot's claims as a whole are barred, not just its claims for indemnification.  Moreover, Third-Party Defendants used the term indemnification broadly, in a manner consistent with Clause 17 of the Purchase Contract, which includes the alleged obligations of defense, indemnification, and obtaining a license in a single clause entitled "Patent Indemnification."[47]  Further, as Elea has made clear in its prior declarations, and again makes clear now, Simplot repeatedly stated ███████████████████████████████████████ ███████████████████████████████████████████████████████ ████████.[48]

### 4.    Elea's defenses are not barred by the Purchase Contract

Simplot argues that Elea's defenses are barred by Clause 13 of the 2013 Purchase Contract, which limits the persons who may change or waive any provision of the Agreement, and Clause 29.5, which provides that the "Agreement shall not be modified or altered except in writing." (Simplot Br. at 13-14.)  Simplot cannot show that it is entitled to summary judgment on either point.  As an initial matter, Mark Currie is one of the individuals expressly authorized to waive or modify the provisions of the Purchase Agreement.[49]  Mr. Currie told Dr. Töpfl during the August

---

[46] Dkt. 128 at 10. *See also* Dkt. 364-2, Carson Decl., Ex. 1, Elea's Supplemental Response to Interrogatory No. 9, at 25-36 (setting forth basis for basis for Elea's affirmative defenses as to both indemnification and defense).

[47] Sheehan Decl., Ex. 40, 2013 Purchase Contract at ¶ 17.

[48] Töpfl Decl,. ¶¶ 29-38, Exs. R, S; Speakman Decl., ¶¶ 14-20, Exs. E, H, I; Sheehan Decl., Exs. 9, 10.

[49] Sheehan Decl., Ex. 40, 2013 Purchase Contract at ¶ 13.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 21**

16, 2017 meeting in Argentina that Simplot only wanted Elea's cooperation, and that Simplot would not hold Elea liable for the infringement suit filed by McCain.[50]

Further, German law gives effect to Dr. Mohan-Ram's assurances that Simplot would not seek to enforce any indemnification-related obligations against Elea. Ernst Rep. ¶¶ 47-51. German law recognizes the concept of apparent authority, where a party allows another to act as if it were an agent and the other party reasonably relies on that authority. *Id.* ¶ 47. Any person with actual or apparent authority to act for Simplot could have validly agreed to modify or amend the 2013 Purchase Contract. *Id.* ¶¶ 47-55.

Simplot and Dr. Mohan-Ram's actions led Third-Party Defendants to reasonably believe that he spoke for the company with regard to the litigation, and that he was responsible for making decisions on behalf of Simplot related to the '540 patent and the related litigation — including the decision of whether to request indemnification from Elea.[51]   Dr. Mohan-Ram is the Chief Intellectual Property Counsel at Simplot.[52]  In 2013, Dr. Mohan-Ram had met with Messrs. Töpfl and Speakman to discuss the '540 patent, and ██████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████.[53] Dr. Mohan-Ram ████████████████████████████████████, and it was Dr. Mohan-Ram, along with Mr. Englar and Simplot's litigation counsel, that met with and corresponded directly with Elea and Food Physics regarding the defense of the lawsuit.[54]

---

[50] Töpfl Decl., ¶¶ 29, 33, Exs. Q (Töpfl's meeting notes), Ex. U (February 22, 2017 email from Simplot to Elea requesting information for PEF equipment at new plant in Argentina); Sheehan Decl., Ex. 63, Dkt. 134-2; Töpfl Decl., dated October 21, 2019, at ¶ 6.
[51] Töpfl Decl., ¶ 38; Speakman Decl., ¶¶ 10, 16.
[52] Sheehan Decl., Ex. 10 (November 2, 2017 letter from Mohan-Ram).
[53] Töpfl Decl., ¶ 38; Speakman Decl., ¶ 10.
[54] Sheehan Decl., Exs. 9, 10; Töpfl Decl., ¶ 31; Speakman Decl., ¶¶ 14-21.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 22**

Simplot also argues that Clause 29.5 of the Purchase Contract provides that it may not be modified except in writing. (Simplot Br. at 13.) As an initial matter, Clause 29.5 is not enforceable under German law. To successfully immunize a written contract against oral modifications by inserting an "agreed-upon form" provision like Clause 29.5, German law requires a specific and express clause stating that the agreed-upon form provision can only be suspended in writing. This is the so-called "double in-writing-clause". Ernst Rep. ¶¶ 52-53. There is no such clause in the contract.

Moreover, German law allows a party to waive or modify a contract provision, including a provision that a contract may only be modified in writing. *Id.* ¶¶ 50-51. In particular, Simplot's standard contract Clause 29.5 can be modified or waived by a later agreement between the parties. *Id.* Such an agreement can be by email or even be made orally. *Id.* ¶ 51.

Such waiver or modification may occur expressly, or may be implied. *Id.* An implied waiver occurs where a party's neglect to insist upon enforcing a right results in prejudice to another party. *Id.* at ¶¶ 51, 117. The waiver may also be found more readily where the contract terms in question are part of a standard form, and were not specifically negotiated, as is the case here.[55] Ernst Rep. ¶¶ 31, 32-38, 44.

There is substantial evidence on which a jury could base a finding of waiver here, including the declarations of Messrs. Töpfl and Speakman, the written communications of Dr. Mohan-Ram and Dana Herberholz assuring Elea ███████████████████████████, and Simplot's first communication with Elea on the subject of the McCain

---

[55] Sheehan Decl., Ex. 40, 2013 Purchase Contract. The 2013 Purchase Contract has a footer stating "Basic Equipment Purchase Contract CO102411," and none of clauses 13, 17, or 29.5 were specifically negotiated between Simplot and Elea. Speakman Decl., ¶ 6.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 23**

lawsuit, which stated, ███████████████████████████████████████ [56]

Further, even though Simplot was well aware of the indemnification clause, and despite the fact that Mr. Englar, Dr. Mohan-Ram, and multiple attorneys with the law firm representing Simplot in the litigation conferred and met with Food Physics and Elea regarding the lawsuit and regarding collection of information for defense of the lawsuit, Simplot did not request indemnification or defense from Elea until Nov. 2, 2017, more than nine months after McCain first filed suit. [57] This evidence is more than sufficient to support a jury finding of waiver and to preclude summary judgment in favor of Simplot on this issue.

While Simplot argues that waiver must be clear and unequivocal, German law recognizes that a waiver may be implied by conduct. Ernst Rep. ¶ 51. Regardless, the statements made by Messrs. Currie, Herberholz and Mohan-Ram to the effect that ██████████████████

████████████████████████████████████████████████████████

████████████ were indeed clear and unequivocal. [58] While Simplot may deny the statements were made, that does not make the statements themselves any less clear or unequivocal. It merely shows there is a dispute of material fact.

---

[56] Sheehan Decl., Ex. 9 (February 25, 2017 email from Mohan-Ram to Töpfl); Töpfl Decl., ¶¶ 29-38, Exs. R, S; Speakman Decl., ¶¶ 14-20, Exs. E, H, I.

[57] Töpfl Decl., ¶ 31; Speakman Decl., ¶ 20. Simplot ████████████████████████████████ ████████████████████████████████████████████████. Sheehan Decl. Ex. 13, SIMP_ID_107743 (October 26, 2017 email from Mohan-Ram to Töpfl).

[58] Speakman Decl., ¶¶ 15-16 (discussion between Speakman, Mohan-Ram, Englar, and Herberholz on August 1, 2017), ¶¶ 17-18 (discussion between Speakman, Mohan-Ram, Englar, and Herberholz on August 8, 2017); Sheehan Decl., Ex. 22 (June 22, 2017 email from Herberholz to Blumenroeder stating "Simplot is requesting technical assistance from ELEA so that it can defend itself in the lawsuit.").

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 24**

## IV.    SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S SECOND AFFIRMATIVE DEFENSE

Elea's Second Affirmative Defense is that Simplot's claims are barred in whole or in part by the doctrines of unclean hands, unjust enrichment, unconscionability, and/or assumption of risk, because Simplot knowingly and deliberately provoked McCain ███████████████ ███████████ and the scope of its claims, and because knowledge of a defect bars a purchaser from asserting warranty claims under a purchase agreement under Section 442 of the BGB.[59] Simplot nonsensically contends in its renewed motion that this defense "conflates the 'known-loss' rule from insurance law with the parties' contractual freedom to allocate risk." (Simplot Br. at 23.)   This argument disregards that Elea's affirmative defense is based on German law, as required by the 2013 Purchase Contract.   For the following reasons, Simplot's Motion for Summary Judgment on Elea's Second Affirmative Defense should be denied.

### A.    Section 442 of the German Civil Code (BGB) Bars Simplot's Claims Due to "Knowledge of the Defect."

Section 442 of the German Civil Code, BGB, provides in pertinent part that "[t]he rights of the buyer due to a defect are excluded if he knows of the defect at the time the contract is entered into.   This restriction on a seller's liability is triggered if the buyer knows of an alleged defect. Ernst Rep. ¶¶ 62-67.   A defect may include not just mechanical or product defects, but also legal defects, which includes third party intellectual property.  *Id.* ¶¶ 57-59, 63.   In particular, German courts have expressly applied section 442 to cases involving claims of patent infringement where the buyer was aware of the potential infringement when the agreement was executed.  *Id.* ¶¶ 63-64.

As an initial matter, Simplot's argument that Section 442 only applies to warranty claims arising from defective products and does not apply to a duty to defend or indemnify has no merit.

_____

[59] Dkt. 126 at 11.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 25**

(Simplot Br. at 24-25.)  Legal defects "fall squarely in the ambit of BGB section 442."  Ernst Reply Rep. at ¶ 19.   And because it is clear that such defects fall within this German Civil Code section, it is irrelevant whether the knowledge of a third-party patent falls within Section 377 of the German Commercial Code (HGB) requiring prompt notice of a defect.  Following a 2002 legal reform, legal defects under HGB Section 377 is "a more complex issue" than whether such knowledge falls within Section 442 of the BGB, which is well-settled.  Ernst Reply Rep. at ¶¶ 18-23; Ernst Rep. ¶ 60.  Simplot is not entitled to summary judgment on Elea's second affirmative defense because as a matter of law, where a defect is to be excluded from liability due to the buyer's knowledge under BGB Section 442, the requirements to give notice under HGB Section 377 do not even come into play.  Ernst Rep. ¶ 79; *accord* Pfeiffer Rebuttal Rep. (Dkt. 242-2) at ¶ 47 n. 22 ("Sec. 377 HBG does not apply" because the BGB provides the relevant statutory basis).  But even if they did, the "compromise view" on whether duties under HBG Section 377 apply only to physical defects acknowledges that legal defects are covered by that section when the legal defect is mirrored in the object's physicality; here, the patent infringement claim relates directly to the technical design of the physical product.  Ernst Rep. ¶¶ 80-82.

The declaration of Simplot's expert demonstrates that his opinion that BGB 442 does not apply is predicated on incorrect factual assumptions. Specifically, his analysis is predicated on the false assumption that Simplot was not aware of the risk of infringement in the United States. Pfeiffer Prelim. Rep. (Dkt. 206-16) at ¶ 21 ("In German case law, the BGH has e.g. [sic] denied positive knowledge in a case where a buyer knew of the existence of the relevant third party patent *but was not aware that it applied to goods purchased in the USA*") (emphasis added).  There are several material facts that demonstrate that Simplot ███████████████████████

███████████████████████████████████████████████

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 26**

██████████, which at least creates a factual dispute on the issue of Simplot's knowledge of the risk.

While Simplot attempts to paint itself as also being innocently duped into buying PEF devices by Elea, ██████████████████████████████████ that is not the case. ████████

████████████████████████████████████████████████

████████████.[60] ████████████████████████████████

████████████████████████████████████████████████

████████████████████[61]

More importantly, in 2011, ████████████████████████

████████████████████████████████████.[62] Contrary to the self-serving declaration submitted in support of Simplot's motion,[63] the 2011 correspondence from ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████,

████████████████████████████████████████████████

████████.[64] ████████████████████████████████

---

[60] Sheehan Decl., Ex. 2, Simplot Responses to Elea's First Set of Interrogatories at 18 ("[I]n 2005, Bruce Walker and Allen Neel evaluated the processes set forth and described in the '540 patent and determined that they did not work").

[61] Sheehan Decl., Ex. 23, David Bruce Walker Dep. 74:2-8, 75:19-76:20 (stating that Simplot determined after evaluating the process described in the '540 patent in 2005 that "[g]iven . . . barriers such as the probable difficulty of commercialization *and existing patent protection*, it is our opinion that this process should not be pursued further at this time" and Simplot recognized that the '540 patent was a barrier to pursuing the process described in the patent).

[62] Speakman Decl., ¶ 2, Ex. A, ELEA13695 at 13705 (October 19, 2011 email from Curulli to Speakman and Töpfl, in which Simplot's Curulli brought the '540 patent to the attention of DIL's Speakman and Töpfl).

[63] Dkt. 337-6, Curulli Decl., at ¶¶ 8-9.

[64] Speakman Decl., Ex. A at ELEA13705.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 27**

███████████████████████████████████████████[65] Dr. Curulli

further stated "█████████████████████████████████████████████████

████████████████████████████████…"[66] Dr. Curulli's own words evidence a clear belief that

████████████████████████████████████████████████████████████████████

In response, Mr. Speakman referred the question to Dr. Töpfl, who was also with DIL at

the time.  While Dr. Töpfl is not an attorney or legal expert, he explained his understanding (based

in part, on his prior interactions with Mr. Cousin and McCain in 2006 and 2007), that █████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████[67]

Dr. Curulli's response to Dr. Töpfl's explanation of the differences between DIL's PEF

and the techniques described in the '540 patent ██████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████[68]

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████

---

[65] *Id.*
[66] *Id.*
[67] *Id.* at ELEA13702; Töpfl Decl. ¶¶ 22-24.
[68] Speakman Decl., Ex. A at ELEA13700 (October 31, 2011 email from Curulli to Speakman and Töpfl).

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 28**

The only further written discussion is Dr. Töpfl's statement that

, to which Dr. Curulli responded "

"[69]    There is no contemporaneous evidence that Simplot's view of the

infringement risk regarding at least claim 1 of the '540 patent ever changed before execution of

the Jan. 21, 2013 Purchase Contract.[70]    Moreover, the testimony of Simplot witnesses deposed by

McCain unequivocally demonstrate

: ("

(emphasis added).[71]

While Simplot now contends that Elea expressly warranted there was no infringement of

the '540 patent (Simplot Br. at 2), that assertion is (1) unsupported by any written documentation,

(2) disputed by Elea, and (3) contrary to German law.  The 2013 Purchase Contract does not

mention the McCain patent, and the footer of the Agreement, which states "Basic Equipment

Purchase Contract, CO102411," indicates that Clause 17 is part of the standard boilerplate from

Simplot's standard purchase agreement at the time.[72]    Indeed, Clause 17 uses generic terminology,

like "seller" and "buyer."[73]    The parties never discussed the '540 patent during the execution of

the 2013 Purchase Contract, which was more than a year after the conversations between Simplot

and DIL.[74]    The 2013 Purchase Contract originated as a form template

[75] and most clauses, including Clause 17, were not

---

[69] *Id.* at ELEA13698-99.
[70] Töpfl Decl., ¶ 25.
[71] Walker Dep. at 80:11-15.
[72] Speakman Decl., Ex. B.
[73] *Id.*
[74] Speakman Decl., ¶ 7.
[75] Robinson Dep. at 58:22-60:8.

specifically discussed during the negotiation.[76]  Standard form business terms like Clause 17 cannot override BGB section 442 and extend a seller's liability to known defects.  Ernst Decl., ¶ 74.

Further, Clause 30 of the Purchase Contract, entitled "Entire Agreement," states that "This Agreement and the attachments hereto and incorporated herein by reference, and any PO issued in conjunction with this Agreement represent the entire agreement between the Parties…. All other agreements, written, verbal or otherwise, are hereby superseded by this Agreement."[77]  Simplot's claim that there was a prior oral agreement is contrary to the contract itself.

It is not necessary for the parties to specifically agree on the exclusion of known defects or third-party rights in a contract that is supplied automatically by Section 442.  Ernst Rep. ¶ 62. Indeed, to the contrary, if Simplot had wanted the Agreement to cover known risks, such as infringement of the '540 patent, it would have needed to include a special agreement or provision to that effect. [78]  Ernst Rep. ¶¶ 67-71.  There is no evidence that Simplot sought to specifically create an exception to section 442's exclusion of known defects for the McCain patent.[79]  Simplot's ███████████████████████████████████████████████—bars Simplot from enforcing Clause 17's obligations against Elea.  Ernst Rep. ¶¶ 60-77.

Simplot's claim that it relied on Dr. Töpfl's statements that ███████████████████████ ██████████████ would not allow it to escape the application of section 442.  Under German

---

[76] Speakman Decl., ¶ 6.
[77] Sheehan Decl., Ex. 40, 2013 Purchase Contract.
[78] Indeed, before purchasing PEF devices in 2013, and only shortly after the 2011 discussions regarding the '540 patent, Simplot rented PEF devices from DIL.  Even though Simplot was still using the PEF equipment and engaging in a potentially infringing activity, there is notably no patent indemnification clause in the rental contract.  Töpfl Decl., ¶ 26.
[79] Speakman Decl., ¶ 6 (negotiation of 2013 Purchase Contract did not include any discussion of clause 17); *id.* ¶ 7 (neither Simplot nor Elea representatives discussed the '540 patent during the negotiation of the 2013 Purchase Contract).

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 30**

law, a party that is aware of a risk (such as a risk of patent infringement), but assumes that the risk is small or that he or she can overcome the risk, is barred from seeking compensation from the seller for the alleged defect. *Id*. ¶¶ 63-67. As the German Federal Court explained in BGH NJW 1979, 713,

> Whoever is aware of a defect in title must, even if he did not actually have an intention to that effect, allow himself to be treated as if he waived the warranty in this respect or wanted to assume the danger threatening him from the right of a third party … That the buyer – especially if he is a legal layman – had exact legal knowledge of what rights the third party can assert with regard to the object of purchase is admittedly not required; however, the buyer must at least have recognized in essence which claims on the part of the third party with regard to the object of purchase are possible.

Ernst Rep. ¶ 64. Notably, the Court held that knowledge of a defect is even to be found

> if the buyer was not aware of the *extent* of the defect of title, but remained unaware of its legal and economic *consequences*; for such an error, as recognized in case law and literature, does not preclude the assumption of a waiver of warranty… In individual cases, however, it may be difficult to distinguish between knowledge of the scope of the foreign right and its legal scope.

*Id.*

That Simplot may have believed that it had ways of avoiding or invalidating the '540 patent in the event it was asserted does not prevent the application of Section 442. To the contrary, it is analogous to the hypothetical example provided by the German court—that someone who purchases a property in a forced sale which he knows is leased out, but erroneously assumes that he has an easy way to terminate that lease—is still barred by Section 442 from enforcing remedies against the seller relating to the lease. *Id.* ¶¶ 64-65. Accordingly, Simplot's motion for summary judgment on this defense (and on the overall issues of indemnification, defense and duty to obtain a license) should be denied.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 31**

**B.      The Grossly Disproportionate Nature of Simplot's Claims and Simplot's Actions Excuse Elea from Performance Under German Law.**

German law puts a general economic limit on required efforts to satisfy contractual duties. Section 275 subsection (2) BGB reads: "The obligor may refuse performance to the extent that performance requires expense and effort which, taking into account the subject matter of the obligation and the requirements of good faith, is grossly disproportionate to the interest in the performance of the obligee.  When it is determined what efforts may reasonably be required of the obligor, it must also be taken into account whether he is responsible for the obstacle to performance." Ernst Rep. ¶ 144.

McCain's present demands far exceed the costs of the devices sold by Elea and ▮▮▮▮▮ ▮▮▮▮▮▮▮▮.[80]  The demand that Elea would be required to obtain a license and to settle the litigation is therefore grossly disproportionate to the amount of the sale in question, and therefore Elea is excused from performance under German law.  Ernst Rep. ¶¶ 144-45.

That is particularly true where, as here, Simplot was aware of the risk that it infringed the '540 patent, and has continued to operate the PEF devices, even after being sued, its request for inter partes review of the '540 Patent was denied institution by the PTAB,[81] and its claim construction arguments were denied by the Court.  Simplot would be unjustly enriched if it were permitted to continue reaping the profits associated with use of the PEF devices all while knowing of a substantial risk of infringement.  Simplot continued to not only use the PEF devices after being accused of infringement, but even continued purchasing PEF devices for use in the US and Canada.[82]

---

[80] Töpfl Decl., ¶ 44.
[81] Sheehan Decl,. Ex. 56, PTAB Order Denying Request for Rehearing dated October 1, 2018.
[82] Speakman Decl., ¶ 22-24.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 32**

## V.     SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S THIRD AFFIRMATIVE DEFENSE

Elea's Third Affirmative Defense provides, in pertinent part, that "Third-Party Plaintiff Simplot's claims are barred, in whole or in part, because Simplot has failed to act reasonably in litigating against McCain and has failed to mitigate its damages."[83]   Simplot's claim that this defense is not viable as a matter of law is incorrect.

Under German law, Simplot has a duty to mitigate its damages.  Ernst Rep. ¶ 131.  BGB Section 254 reads: "(1) Where fault on the part of the injured person contributes to the occurrence of the damage, liability in damages as well as the extent of compensation to be paid depend on the circumstances, in particular to what extent the damage is caused mainly by one or the other party. (2) This also applies if the fault of the injured person is limited to failing to draw the attention of the obligor to the danger of unusually extensive damage, where the obligor neither was nor ought to have been aware of the danger or to failing to avert or reduce the damage. […]" *Id.*  Simplot has breached its duty.  For example, Simplot ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████.[84]   Further, Simplot not only continued using the accused products after McCain filed suit, after the PTAB declined to institute Simplot's request for inter parties review, and after the Court issued an adverse claim construction, it also continued purchasing devices for use in the US and Canada after McCain filed suit.[85]

---

[83] Dkt. 128 at 11.

[84] Dkt. 342-5, Herberholz Decl., Ex. B, Elea's Objections and Responses to Simplot's Interrogatories at 35-36.

[85] *Id.* at 33; Speakman Decl., ¶¶ 22-24.  Food Physics sold the first device to Simplot based on Simplot's representation that it would not seek indemnification.  Speakman Decl., ¶ 23.  Food Physics subsequently sold a second unit to Simplot for use in Canada after Simplot had been sued

As noted below, however, the impact of these actions cannot be determined at this time given that there is (and may never be) a judgment against Simplot. Elea has challenged the reliability of Simplot's damages expert and seeks to exclude his reports and testimony on the reasonableness of Simplot's legal expenditures in defending McCain's claim of infringement of the '540 Patent. (Dkt. 376, Third-Party Defendants' Motion to Exclude Expert Testimony and Reports of André Jardini.)  Simplot's failure to mitigate its damages in the form of reasonable attorneys' fees is a genuine material dispute.

Having asserted control of the litigation of all the claims between Simplot and McCain, Simplot cannot simply shift blame to Elea by arguing Elea should have stepped in.  Although Elea provided assistance and suggestions to Simplot when it was consulted, Simplot often provided Elea with only a brief period to provide comment on the plans that Simplot had devised.  Simplot made it clear that it, not Elea, was in control of the litigation, and picked and chose what aspects of Elea's suggestions to accept.[86]  Elea specifically stated its concern to Simplot that Simplot ███

███████████████████████████████████████████████████████████████████

███████.[87]  Elea was not consulted, for example, about Simplot's decision to transfer the McCain case from Illinois to Idaho, where it was consolidated with Simplot's offensive claims.[88]  It is not merely Simplot's action, but its inaction that concerns Elea.  For example, Simplot failed to raise

---

for infringement of the Canadian counterpart to the '540 patent, but insisted that Simplot exclude the '540 patent from any patent indemnification claim.  Speakman Decl., ¶¶ 24-25.

[86] Töpfl Decl., ¶ 40, Ex. Y (May 4, 2018 Töpfl email to Mohan-Ram regarding ████████
███████████████████████████████████████████████████████████████);
Speakman Decl., ¶ 26 (reflecting on Speakman's concern that ██████████████████████
████████████████████████████████████████████████████████
██████; stating that Speakman "██████████████████████████████████
██████████████████████████████████████████████")

[87] Töpfl Decl., at ¶ 40, Exs. X, Y.

[88] Speakman Decl., ¶ 37.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 34**

the fact that all of the asserted claims of the '540 patent other than claim 1 were invalid on their face under 35 U.S.C. § 112 ¶ 5.  It was only after more than two years of litigation that Simplot brought the issue up.[89]

In view of the foregoing, there are at least material factual disputes as to the reasonableness of Simplot's litigation conduct and failure to mitigate damages.  The Court should deny Simplot's Motion for Summary Judgment as to Elea's Third Affirmative Defense.

## VI.   SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON ELEA'S FOURTH AFFIRMATIVE DEFENSE

Elea's Fourth Affirmative Defense is that "Simplot's claims are premature prior to complete adjudication of the disputes between Simplot and McCain."  The duty to indemnify is a contingent liability where the underlying event has not yet occurred.  If the '540 patent is found invalid or not infringed, for example, there would be no monetary judgment against Simplot, and no judgment for Simplot to claim is due from Elea.  It is burdensome and prejudicial to force the Third-Party Defendants to try to argue about whether and to what extent any judgment against Simplot should be attributed to them when there may never be any judgment, and the bases of that judgment are not known (including whether for example, any infringement is willful).  Further, in the event of any damages award against Simplot, if Elea were somehow considered liable to Simplot, a German court would consider Simplot's own conduct and contributory negligence in determining the extent to which damages should be recovered from Elea.  *See* Ernst Rep. ¶ 159, citing BGB Sections 254, 252.

---

[89] Dkt. 104-1, Simplot Motion for Judgment on the Pleadings of Invalidity under 35 U.S.C. § 112 ¶ 5, filed May 23, 2019.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 35**

## VII.    SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF DEFENDING SIMPLOT

For the reasons discussed above regarding each of Elea's affirmative defenses, including without limitation Simplot's knowledge of the risk of infringement of the '540 patent, its failure to give timely notice, and its waiver of the right to enforce Clause 17, Simplot is not entitled to summary judgment on its claim for breach of the duty to defend. *Id.* ¶¶ 101 & 143.

Simplot's assertion that Elea has failed to attempt to resolve the dispute related to the '540 patent also ignores the fact that Simplot's own actions and its offensive claims against McCain have made it effectively impossible for Elea to resolve the claims related to the '540 patent. Under German law, BGB 275, Elea is not responsible for resolving the dispute on terms that are grossly disproportionate to the benefit it received from the contracts. *Id.* ¶ 145. Simplot itself has repeatedly acknowledged that the claims related to the '540 patent were filed in retaliation to Simplot's earlier-filed claims against McCain.[90] Further, before Simplot ever requested indemnification from Elea, it moved to transfer McCain's Illinois action including the '540 patent claims to Idaho on the expectation that the cases would be consolidated. This action further tied Simplot's own claims to McCain's, and made separate resolution of McCain's claims related to the '540 patent effectively impossible. This can excuse Elea from any alleged obligation to resolve the suit. Ernst Rep. ¶ 114. Indeed, Simplot's own counsel admitted his belief that McCain's goal in prosecuting the claims related to the '540 patent is to drive up costs and to inconvenience Simplot.[91] Simplot's own actions have deprived Elea of any ability to resolve the dispute, because resolution involves claims that are not within Elea's control.

---

[90] Speakman Decl., ¶¶ 15, 18.
[91] Sheehan Decl., Ex. 17, SIMP_ID_112817 (8/24/18 email from Mohan-Ram to Töpfl and Speakman).

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 36**

Further, under German law, the duty to defend and become actively involved in a legal proceeding on another continent exceeds the obligations under the BGB, and such terms in a standard form contract would not be enforceable under German law, BGB 305c and/or 307. Ernst Rep. ¶¶ 101, 109. While Simplot cites to cases from jurisdictions outside of Idaho for the proposition that summary judgment can be granted on the issue of the duty to defend a patent infringement case (Simplot Br. at 5-6), none of those cases involved the application of German law, which clearly differs from Idaho law on this point.

## VIII.   SIMPLOT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF ELEA'S PURPORTED DUTY TO OBTAIN A LICENSE

Simplot seeks summary judgment that Elea breached its duty to obtain a license. As explained above, Simplot's demand that Elea obtain a license is barred because, *inter alia*, (1) it waived, released, failed to assert or otherwise lost the right to enforce any provisions of Clause 17 of the Purchase Contract, (2) it did not timely provide notice of its claims, (3) ███████ ████████████████████████ before suit was filed, and (4) its request for resolution are grossly disproportionate to the size of the contracts and the benefit received by Elea. *See, e.g.,* Ernst Rep. ¶ 143.

In view of the continued viability of Elea's affirmative defenses, the Court should decline to grant summary judgment on this issue. The contract does not require an express license, and Simplot has not proven that Elea does not have a license that would also protect Simplot. Simplot's intimation that Elea has not asserted the license against McCain is nonsensical. (Simplot Br. at 9.) Elea specifically pled in its answer a license defense to the claims McCain raised against Simplot and explained the basis for that defense in its interrogatory responses, and has now moved for

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 37**

summary judgment against McCain on the issue of implied license.[92]  The issue of whether Elea has an implied license to the '540 patent will likely be disputed by McCain.  If the Court grants that motion, or if the jury finds that Elea has a license that flows to Simplot, then there is no breach of any alleged failure to obtain a license.  The Court should deny Simplot's motion for summary judgment on its claim for failure to obtain a license in view of these facts.

## IX.    CONCLUSION

For the foregoing reasons, the Court should deny Simplot's Renewed Motion for Partial Summary Judgment against Elea.

DATED this 23rd day of February, 2022.

GIVENS PURSLEY LLP


By:    /s/ Bradley J. Dixon
       Bradley J. Dixon
       Kersti H. Kennedy
       *Attorneys for Third-Party Defendants*

---

[92] Dkt. 364, Third-Party Defendants' Motion for Summary Judgment Against McCain Foods Limited.

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 38**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2022, I electronically filed the within and foregoing instrument with the Clerk of the Court using the CM/ECF system, which caused the following parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Meredith M. Wilkes, Attorney for McCain
mwilkes@jonesday.com

John C. Evans (*pro hac vice*), Attorney for McCain
jcevans@jonesday.com

John A. Marlott, Attorney for McCain
jamarlott@jonesday.com

Joshua R. Nightingale, Attorney for McCain
jrnightingale@jonesday.com

David B. Cochran (*pro hac vice*), Attorney for McCain
docochran@jones.day.com

Michael G. Brady, Attorney for McCain
mbrady@eberle.com

Susan M. Gerber (*pro hac vice*), Attorney for McCain
smgerber@jonesday.com

Brian M. Buroker (*pro hac vice*), Attorney for Simplot
bburoker@gibsondunn.com

Dana M. Herberholz, Attorney for Simplot
dherberholz@parsonsbehle.com

Brook B. Bond, Attorney for Simplot
bbond@parsonsbehle.com

Christopher J. Cuneo, Attorney for Simplot
ccuneo@parsonsbehle.com

Margaret N. McGann (*pro hac vice*), Attorney for Simplot
mmcgann@parsonsbehle.com

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT  - 39**

Jordan L. Stott, Attorney for Simplot
jstott@parsonsbehle.com

Michael A. Parks, Attorney for Simplot
mparks@thompsoncoburn.com

Vladimir J. Semendyai (*pro hac vice*), Attorney for Simplot
vsemendyai@gibsondunn.com

*/s/ Bradley J. Dixon*
Bradley J. Dixon

**ELEA'S MEMORANDUM IN OPPOSITION TO SIMPLOT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT - 40**