UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.R. SIMPLOT COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>McCAIN FOODS USA, INC.,<br><br>    Defendant.<br>_____<br><br>McCAIN FOODS LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>J.R. SIMPLOT COMPANY,<br><br>    Defendant. | Case No. 1:16-cv-00449-DCN[1]<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

As part of its pretrial submissions in this case, McCain argued that Simplot had changed its entire theory of the case as it relates to the '036 Patent. Dkt. 520, at 2–4. It suggested that, because of Simplot's changed position, trial as to the '036 Patent should be bifurcated from trial on McCain's '916 Patent and further discovery should be allowed.

The Court discussed the disagreement in its pretrial call on August 5, 2024, and

---

[1] This case involves additional parties—namely Elea Vertriebs-und-vermarktungsgesellschaft, Mbh, and Food Physics LLC. However, because the impending trial does not involve those parties, the Court has removed them from the case caption for simplicity.

MEMORANDUM DECISION AND ORDER - 1

requested further briefing from the parties. Dkt. 530. It then issued a decision. Dkt. 536.

Following the Court's decision, McCain filed two additional Motions in Limine. Dkt. 537. The Court requested an expedited response from Simplot (Dkt. 538) and received the same (Dkt. 543).[2] The matter is now ripe for adjudication. Upon review, and for the reasons set forth below, the Court DENIES McCain's Motion.

## II. BACKGROUND

The Court outlined the background of this dispute in detail in its prior order. Dkt. 536, at 7–10. It reviews that background briefly here, including the implications of its recent decision and what lead to McCain filing its instant Motion in Limine.

Simplot has accused McCain of infringing Simplot's '036 Patent with McCain's Twisted Potato product. Dkt. 1, at 8–11. Simplot asserted in its Complaint that the '036 Patent "covers the ornamental features of Simplot's Sidewinders." Dkt. 1, at 8, 10. Based upon this, the Court previously held that the Sidewinder "embodies the '036 Patent." Dkt. 69, at 29.

In summary judgment briefing, however, Simplot argued its Sidewinder product is actually the embodiment of another of Simplot's Patents—U.S. Patent No. D723,243 ("the '243 Patent")—and that there is, in fact, a "family" of patents covering the designs embodied in the Sidewinder product. Dkt. 330-1, at 52, 57. The Court noted the "confusi[ng]" nature of Simplot's argument and its "seemingly changed position," but

---

[2] Simplot filed a Motion to Seal certain exhibits included with its Response. Dkt. 542. Good cause appearing, the same is GRANTED.

MEMORANDUM DECISION AND ORDER - 2

ultimately ruled these matters needed to go to a jury for resolution. Dkt. 474, at 65–66. That was in January of 2024, seven months ago.

Then, in its recently-filed trial brief, Simplot stated the "[t]he marking requirement of Section 287(a) does not apply to Simplot's '036 Patent infringement claim because Simplot did not have an 'article' to mark with the '036 Patent. Simplot's commercially-sold Sidewinder is the embodiment of Simplot's '243 Patent." Dkt. 504, at 17. In other words, Simplot stated—for the first time—that the '036 Patent *never* covered the Sidewinder product. On this basis McCain asked for a trial continuance.

The Court determined, however, that a continuance and further discovery was not necessary. Even though this was a "change," it was not wholly unanticipated, as Simplot made this same argument two years ago in summary judgment briefing. But more importantly, the Court found that under the elements of the claims at issue, it did not really matter which product, if any, is covered by the '036 Patent, because the question for McCain is whether Simplot's actual *product* (the Sidewinder) infringes McCain's '916 Patent. Dkt. 536, at 9 ("McCain does not have to establish that the Sidewinder is the embodiment of any particular patent. McCain must simply show that the actual Sidewinder product—irrespective of which patent it embodies . . . [infringes] . . . the '916 Patent."). In like manner, the question for Simplot is not dependent on which of its own products embodies the '036 Patent, but whether McCain's actual *product* (the Twisted Potato) infringes the '036 Patent. *Id*. at 10 ("[T]hat distinction or determination is, again, irrelevant for infringement purposes. Simplot must simply show that McCain's Twisted Potato product . . . [infringes] . . . the '036 Patent.").

MEMORANDUM DECISION AND ORDER - 3

The Court noted its frustration with Simplot's apparent "disavowal" of "any connection between the Sidewinder and the '036 Patent." *Id*. at 10. It also highlighted that Simplot may have a tough road ahead if it tries to claim there is no connection between the two because it has *clearly* claimed a connection in the past. *Id*. at 11. But in the end, the Court found a continuance of trial on the '036 Patent was unnecessary, that Simplot could argue what it wanted, and that McCain could attack Simplot's position as it saw fit. *Id*. at 13.

In response to the Court's decision, McCain filed a Motion in Limine with two requests. It asks that the Court preclude Simplot from: 1) referencing or introducing any evidence relating to Simplot's Sidewinders product or a "family" of Sidewinders products; and 2) referencing or introducing any evidence that suggests or tends to suggest any patent that purports to cover Simplot's Sidewinders products during Simplot's case-in-chief. Dkt. 537, at 10.

## III. LEGAL STANDARD

Motions in limine are designed to streamline trial by settling, in advance, any evidentiary disputes. *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). The Court has wide discretion in ruling on such motions, *see United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991), and the Court can alter or amend any rulings at trial should the evidence or testimony warrant a change. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

# IV. ANALYSIS

**1. To Exclude Evidence of the Sidewinder Product or References to a "Family" of Sidewinders Products.**

In its first request, McCain contends that if Simplot wants to disavow the connection between the Sidewinder and the '036 Patent it can. But that means Simplot cannot reference its Sidewinder products at all in trial. Noting the Court's explanation that "Simplot does not have to prove which of its products embodies the '036 Patent" to prove infringement, and that "it must simply prove that one of McCain's products infringes the '036 Patent," Dkt. 536, at 10, McCain argues any evidence of Simplot's Sidewinder product is irrelevant and introducing the product itself may cause confusion.

In response, Simplot first contends the Court should deny McCain's motion outright because it was filed after the Motion in Limine deadline and because McCain neither met and conferred nor gave it warning of the motion. It also objects on substantive grounds, claiming McCain is trying to impermissibly restrict Simplot's presentation.

First, the Court disagrees with Simplot's procedural arguments. While there is a motion in limine deadline, the purpose of that deadline is to give the Court the opportunity to rule *in advance* of trial on any matters it reasonably can to ease the burden on all involved. But the substance of many motions in limine could just as easily be raised at trial. Here, McCain could have raised this issue the first morning of trial, or the first time Simplot referenced the Sidewinder product. The Court would much prefer McCain raise the issue now. Second, given its ruling on bifurcation, the Court was aware McCain would likely file a follow-up motion so it shouldn't have been a surprise to Simplot. McCain indicated

it might have to take that approach during the pre-trial call on August 5, 2024, and in its supplemental filing. *See* Dkt. 532, at 5n.1 ("McCain will raise that issue [of the '243 Patent] separately depending on the matter in which the case proceeds."). Procedurally, McCain's motion is permissible.

Substantively, however, the Court is not willing to go as far as McCain wishes.

To be sure, McCain has a point. It could be confusing if—by way of example—Simplot showed a photograph meant to illustrate how a certain feature of the '036 Patent should appear, and that picture turns out to be Sidewinder. Because the Sidewinder is not the embodiment of the '036 Patent, using that picture might confuse the jury into thinking whatever '036 Patent feature is being discussed should resemble the specific image Simplot showed of the Sidewinder. McCain argues Simplot should not be allowed to use the Sidewinder for any purpose in its discussion regarding McCain's purported infringement of the '036 Patent because Simplot has now claimed there is no connection between the Sidewinder and the '036 Patent.

But McCain's characterization of Simplot's disavowal is not entirely accurate. Simplot has always argued that the '036 covers, at a minimum, certain "ornamental features" of the Sidewinder product. Dkt. 1, at 8. Thus, could Simplot show the Sidewinder as an example of a discrete feature? Sure. Could it potentially use the Sidewinder product for other purposes as well? Perhaps. Again, the Court does not know how Simplot intends to use evidence of the Sidewinder in its case. But just as the Court found that McCain's discussion of the '916 Patent *and* the '036 Patent history was relevant to the issues of infringement and the "story" and "history" of this case, so too is the Sidewinder. Why the

parties took certain actions (or didn't take certain actions)—and ultimately why there may or may not be infringement in this case—is all informed by the invention, patenting, and production of these twisted wedge potato type products. That includes the Sidewinder. Even more important, that background, history, and landscape likely affected how those skilled in the art viewed the patents at issue in this case. Leaving the Sidewinder out would omit an entire component of that story.

To be sure, Simplot cannot impermissibly claim the Sidewinder embodies something that it does not. But the Court assumes Simplot will not tell outright falsehoods about any of its products, patents, or the connection between them. And the Court does not believe Simplot will be as sneaky with its arguments as McCain suggests.[3] Simplot avers it has no intention of making any product-to-product comparison. Dkt. 543, at 6. Simplot also asserts that it *wants* to clarify (via instructions) the methodology the jury must utilize to determine infringement so that there isn't any confusion. The Court will keep a close eye on the presentation regarding the Sidewinder in Simplot's' case regarding infringement of the '036 Patent, entertain and rule on specific objections by McCain, and give limiting instructions when necessary.

In short, the Court believes confusion could result if the parties are not careful in their presentations to the jury. But it has confidence the parties can present the material in an understandable manner. It also believes that, to ensure understanding, a limiting

---

[3] While the Court cannot say Simplot has held this theory in its back pocket for seven years waiting to ambush McCain at trial, it also cannot say Simplot has been crystal clear in its theory of the case. But that is the nature of litigation; positions can change, arguments can evolve, and theories can be refined.

instruction should likely be given to reaffirm the *purpose* for which certain evidence is admitted or discussed. Again, the Court is not committing to giving those instructions, but depending on what evidence and testimony is presented, the parties should have a proposed instruction that can either be given during trial or as part of the final post-evidence instructions.

But the bottom line is this: the Sidewinder product is clearly relevant to the history of this litigation, the parties' positions, and the arguments regarding infringement. For these reasons, the Court will not completely exclude reference to the Sidewinder.[4] Nevertheless, the Court cautious Simplot not to overstep the spirit (or letter) of the Court's ruling today, and to make every effort to reference the Sidewinder only for proper purposes at trial.

2. **To Exclude Any Patents That Purport to Cover Simplot's Sidewinders Products or References to Any Patent That Purports to Cover Simplot's Sidewinders Products**

Second, McCain argues that during its case it chief, Simplot should not be allowed to argue that *any* of its patents cover the Sidewinder product since it has not claimed that any actually do. It avers that, if necessary, Simplot can reference such patents only in connection with its defense to McCain's '916 Patent infringement case.

Again, McCain's contention that Simplot has not asserted that any patents protect the Sidewinder product is not entirely correct. Simplot has claimed that the Sidewinder is

---

[4] Lest it go unmentioned, the Sidewinder product will be the primary focus of *McCain's* case as it must show that the Sidewinder infringes its '916 Patent. Thus, the jury is going to become aware of the Sidewinder product regardless. In fact, it might be *more* confusing were the Court to foreclose Simplot from referencing the Sidewinder in its case only for it to come out in McCain's. These products are clearly similar (in the colloquial sense of the word) and failing to explain the history, chronology, relationship, and circumstances surrounding each could lead to more confusion than clarity.

covered by a family of patents, and that various features of the Sidewinder are protected by various patents. *See, e.g.*, Dkt. 1, at 8; Dkt. 330-1, at 52.

That fact notwithstanding, Simplot states it does not plan to introduce its later-issued patents as evidence of infringement in its case-in-chief, but that it should be allowed to do so if McCain opens that door.

The Court agrees. Simplot can talk about its later-issued patents in connection with its defense to McCain's '916 Patent case. That much is clear. And the Court would likely allow Simplot to discuss such patents in its case-in-chief on the '036 Patent if McCain opens that door (which appears likely). However, to avoid confusion, as well as any potential prejudice to McCain, the Court asks that Simplot raise the issue in a sidebar or outside the presence of the jury prior to addressing its later-issued patents during its case-in-chief.

## V. CONCLUSION

As before, the Court has concerns about this trial. It does not want a confused jury. It also does not want mini-trials within the bigger trial. While the parties have put forth their positions, and the Court can appreciate both sides, it is going to let the evidence come in for the jury to decide.

Simplot will not be allowed to argue anything contrary to the facts of this case. But, as noted, the Court cannot say with certainty that Simplot had tied its hands to a certain theory (even though McCain and the Court were under a slightly different impression). As outlined herein, the Sidewinder product can be discussed. McCain's Motion (Dkt. 537) is DENIED.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. McCain's Motion in Limine (Dkt. 537) is **DENIED**.

2. Simplot's Motion to Seal (Dkt. 542) is **GRANTED**.

DATED: August 15, 2024

_____
David C. Nye
Chief U.S. District Court Judge